People of the State of Illinois, Plaintiff-Appellee, v. Phillip M. Hoffmann, Otherwise Called Phillip M. Hoffman, Defendant-Appellant.

Gen. No. 53,348.

First District, Third Division.

May 7, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Saul H. Brauner, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John R. Mc-Clory, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

Phillip Hoffman was found guilty in a nonjury trial of conspiracy to commit an abortion and was placed on five years' probation. He contends that the trial court concluded that he was guilty before all of the evidence was heard and committed error by admitting hearsay evidence at the trial.

The complaining witness was a single girl. In November 1966 she told a friend, Roy Longnecker, that she was pregnant and did not want the child. Longnecker said that he knew a fellow employee who might help her out. The father of the child, her doctor, and Longnecker were the only persons who knew of her pregnancy.

Longnecker testified that shortly afterwards he talked to Hoffman, who worked at the same place he did, and told him that the girl was pregnant and did not want to have a baby. Hoffman said that he knew of some people who would perform an abortion for $500, payable in cash. Longnecker gave Hoffman the girl's telephone number and Hoffman said she would be contacted.

Longnecker reported this conversation to the complaining witness and told her to expect a telephone call. A few days later a man phoned her and asked if she was pregnant. He said his name was Phil and that he knew two people, a man who was a pharmacist and a woman who was a doctor, who would perform the abortion. He told her it would cost $500, and to put the cash in an envelope.

In the late evening of December 16th a man came to her apartment, identified himself as "Stan" and she gave

him an envelope containing $500. He said he would return and he did so a few minutes later accompanied by a woman. The woman inserted a catheter in her uterus, told her to wait for a few hours, that she would go into labor and it would be all over.

Sometime after this Hoffman gave Longnecker $20 and told him there would be more next time. Longnecker gave the money to the complaining witness.

The attempted abortion was unsuccessful, and the complaining witness telephoned Longnecker. Longnecker relayed the information to Hoffman and told him that the abortion would have to be performed again. Hoffman replied, "Okay."

On December 23rd the same man and woman came to the complaining witness' apartment and again attempted an abortion. When the miscarriage was still not accomplished, she told Longnecker, who informed Hoffman that the abortion would have to be performed once more. Hoffman again replied, "Okay." On January 4, 1967, the man and woman returned to her apartment and for the third time attempted to abort her. She hemorrhaged, became ill, consulted a doctor and was hospitalized.

The defendant complains that the trial court improperly formed a conclusion of his guilt before all of the evidence was presented. During the direct examination of the complaining witness, the trial court sustained an objection by the defendant and the prosecutor asked to be heard in chambers. During the ensuing discussion counsel for the defendant argued that certain testimony of the complaining witness had been erroneously admitted. The court replied, "Well, the testimony received so far, in my opinion, has been relevant and properly admitted." Counsel for the defendant then objected to the telephone conversation related by the complainant in which she said the caller identified himself as "Phil." The court responded, "Well, I think that is proper and

194

I think there is testimony as to the defendant being the caller, I'm satisfied of that."

■ The remarks were not inappropriate to the proceeding. They were made in explanation of the court's rulings and in chambers in a case tried without a jury. The observation that the telephone call was made by the defendant was an allowable conclusion to be drawn from the evidence heard up to that point. The conclusion was not irrevocable and it did not make useless the presentation of evidence in the defendant's behalf.

The defendant also argues that hearsay evidence was introduced which prejudiced his cause. During direct examination the complaining witness testified to talking with Longnecker about arrangements for the abortion. She asked him the name of the person he had spoken to and the following conversation took place:

> ". . . he said, 'Phil.' I said, 'Phil who?' And he didn't tell me at that time, he just said 'Phil.' "

Later she testified to a conversation she had with Longnecker after the first abortion attempt:

> ". . . I asked him who these people were [who performed the abortion]. And he said he didn't know . . . but he did know Phil. And I said, 'Well, who is Phil?' And he stated, 'Phil Hoffman. He's a fellow I work with.' "

■ Testimony in court of a statement made out of court, offered as an assertion to show the truth of the matters asserted and thus resting for its value upon the credibility of the out-of-court asserter, is hearsay evidence and inadmissible. People v. Carpenter, 28 Ill2d 116, 190 NE2d 738 (1963). The rule is inapplicable, however, if the same matter has been competently testified to by the out-of-court asserter himself.

195

We have dealt with this problem in other cases. In People v. Burks, 105 Ill App2d 112, 245 NE2d 120 (1969), the defendant objected to testimony by a police officer that the victim of a rape exclaimed, "That is the man right there" upon seeing the defendant after her assault. Prior to his testimony, the prosecutrix had testified that she had pointed out the defendant to the police as the man who raped her. We held that no error was committed since the victim confronted the defendant in court and was subjected to cross-examination. In People v. James, 109 Ill App2d 328, 248 NE2d 777 (1969), the victim of a robbery testified to identifying the defendant and a stolen watch in the police station shortly after the offense. Later in the trial, a police officer testified to the same identification. We noted that the identification testimony by the police officer merely repeated what already had been proven by the victim's testimony and held it harmless. See also People v. Smith, 105 Ill App2d 8, 245 NE2d 23 (1969) and People v. Poole, 121 Ill App2d 233, 257 NE2d 583 (1970).

In the instant case Longnecker testified to his conversations with Hoffman, and identified him as the person who agreed to procure the abortion. He was subjected to cross-examination and an attempt was made to impeach his testimony. The statement which was elicited from the complaining witness repeated Longnecker's assertion that Hoffman was involved in procuring the abortion. No new evidence was presented by this testimony and its trustworthiness and accuracy had been tested by the cross-examination of Longnecker. The court did not err in admitting the testimony.

A person commits an abortion when he uses an instrument, medicine, drug or other substance with the intent to procure a miscarriage of any woman. Ill Rev Stats 1965, c 38, par 23–1. A person commits conspiracy when, with intent that an offense be committed, he agrees with another to the commission of that offense and he or

196

a co-conspirator commits an act in furtherance of the conspiracy. Chapter 38, par 8–2(a). The evidence of the State was uncontradicted. It proved that the defendant conspired with two persons to commit an abortion; he arranged for the first attempt and for two others after he was told the previous attempts had failed. His guilt was established beyond all reasonable doubt.

The judgment is affirmed.

Affirmed.

SCHWARTZ and McNAMARA, JJ., concur.