The People of the State of Illinois, Plaintiff-Respondent, *v.* John Abner Cline, Defendant-Petitioner.

(No. 11413;

Fourth District—December 13, 1972.

CRAVEN, P. J., dissenting.

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel,) for petitioner.

Richard A. Hollis, State's Attorney, of Springfield, (Dwight O'Keefe, III, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his conviction of burglary upon a jury verdict. Sentence of one to three years was imposed.

Issues raised upon review include: (1) The sufficiency of proof of guilt beyond a reasonable doubt; (2) error in permitting testimony of out-of-court statements of a co-indictee; (3) error in refusing to permit the testimony of an alibi witness not named in defendant's answer to the State's motion, and (4) prejudicial argument.

Defendant was indicted for burglary together with Mariner and Casper. Each of the latter pleaded guilty and they testified for the prosecution. In brief, they testified that the trio left a bowling alley at about 11:00 P.M. on January 6, 1970, and drove in defendant's car to the premises of the burgled company. Mariner and defendant entered the premises while Casper was to drive around in the car and pick them up. It appears that about 11:30 P.M., a silent alarm brought deputy sheriffs in two cars. The first, Goveia, placed his car outside of the fenced premises to throw light upon the rear and one side of the building, and Tuttle and Mayberry drove on to the lot and entered the building. Mariner was captured there. Defendant was arrested at his home at 3:00 A.M. The abstract does not show any facts upon the arrest of Casper.

Defendant testified that he left the bowling alley at 11:00 P.M. with Casper and Mariner, that they let him out at a "truck stop", adequately identified in the evidence, and took his car to go look for a truck part. He met Linda Amberg by prearrangement and was at this place with her and one Landreth until 12:30 A.M. He then left with Amberg and parked until 1:30 A.M. Landreth, a fellow employee, testified to the meeting at the truck stop.

■■ Upon the issue of proof of guilt beyond a reasonable doubt, counsel's argument is directed essentially to matters of witness credibility. There is, of course, a conflict in the evidence, and matters of testimony which are argued as inconsistent. Such questions of credibility and consistency of facts is essentially a matter for jury determination after hearing and seeing the witnesses. Upon review we have found nothing which requires reversal as a matter of law.

Defendant urges that the court erred in admitting into evidence hearsay testimony which implicated defendant. Following the testimony and

cross-examination of Mariner and Casper, a deputy, Tuttle, testified to the search of the premises and the arrest of Mariner, and that as an incident to the on-site investigation, Mariner named defendant as having been in the building. No objection to such testimony appears in the abstract.

We have examined the principal authorities argued by defendant. In *People v. Barragan,* 337 Ill. 531, 169 N.E. 180, and *People v. Tunstall,* 17 Ill.2d 160, 161 N.E.2d 300, co-defendants called by the prosecution as witnesses denied that the defendant participated in the crime. In *People v. Hundley,* 4 Ill.2d 244, 122 N.E.2d 568; *People v. Newman,* 30 Ill.2d 419, 197 N.E.2d 12; *People v. McKee,* 39 Ill.2d 265, 235 N.E.2d 625, and *People v. Tate,* 30 Ill.2d 400, 197 N.E.2d 26, the witnesses called by the State were made court's witnesses when they denied defendant's connection with the offense. In each, hearsay testimony asserted to be impeaching was introduced which had the effect of proving defendant guilty. In most cases, there was objection to the evidence and also a failure to instruct the jury that the testimony was limited to the question of the credibility of the witnesses. See *People v. Bacon,* 2 Ill.App.3d 324, 276 N.E.2d 782, and *People v. Tate, supra.*

The facts in this case are substantially different in that the witnesses who participated in the crime had testified and had been cross-examined. Hearsay in the aspect of impeachment is not present.

The hearsay issue presented here is to be determined upon the principles stated in *People v. Carpenter,* 28 Ill.2d 116, 121, 190 N.E.2d 38, 741 where the court said:

> "The fundamental purpose of the hearsay rule was and is to test the real value of testimony by exposing the source of the assertion to cross-examination by the party against whom it is offered."

In *People v. Poole,* 121 Ill.App.2d 233, 257 N.E.2d 583, the court said:

> "The fundamental purpose of the rule against hearsay is the exclusion from evidence of those out-of-court assertions whose real value cannot be determined because the source of the assertion cannot be cross-examined by the party against whom it is being offered. [Citations omitted.] Hence it is the opportunity for cross-examination of the out-of-court declarant, whose assertion is being offered, that is the essential feature without which the assertion must be rejected."

■■ Here, Mariner had been sworn and had been cross-examined. The purpose of the hearsay rule has been satisfied and the testimony of Tuttle does not require reversal. (See *People v. Keller,* 128 Ill.App.2d

401, 263 N.E.2d 127, and *People v. Hoffmann,* 124 Ill.App.2d 192, 260 N.E.2d 351.) Upon the facts here present, this conclusion is consistent with the rule in *People v. Collins,* 49 Ill.2d 179, 274 N.E.2d 77.

We have examined the arguments of respective counsel. Defendant's complaint of the argument of the State's Attorney that defendant claimed a "monstrous plot" by the prosecutor and police to put an innocent man in jail is shown in the abstract to be an argument by the State in response to the defendant's argument. Other argument complained of had the same quality, and we do not find it of a nature to so inflame passion or prejudice in the jury as to require reversal.

Upon the complaint that the State's Attorney did not complete an apparent attempt to impeach an alibi witness, we find that the jury was instructed to disregard the sentence of the State's Attorney prior to the time it retired.

·Defendant asserts that Ill. Rev. Stat. 1969, ch. 38, par. 114—14, relating to notice of defendant's alibi defense is unconstitutional in that it deprived him of process to obtain witnesses in his behalf in violation of the Sixth Amendment of the United States Constitution and Article II, sec. 9, of the 1870 Illinois Constitution.

In *People v. Holiday,* 47 Ill.2d 300, 265 N.E.2d 634, it was held that the statute did not violate the Fifth Amendment privilege against self-incrimination. See also *Williams v. Florida,* 26 L.Ed.2d 446, 399 U.S. 78, 90 S.Ct. 1893.

Defendant did comply with the statute by filing his "answer" of alibi defense. The relevant times covered the following: (1) 11:30 P.M. to 12:30 P.M. he was at a "truck stop" with one Landreth; (2) Robert Cooke, a cab driver, picked him up at 12:15 or 12:30 A.M. at the truck stop and took him home; (3) defendant's father and mother would testify that he arrived home at 1:00 A.M., (4) that Sandy Casper would testify that she talked to defendant on the telephone at 1:15 A.M.

This answer was filed two days before the commencement of trial. Upon the second day of trial, apparently as court convened, defendant's counsel advised the State's Attorney that he might have an additional alibi witness. When court recessed at about 5:30, defendant's counsel verbally advised the State's Attorney that one Linda Amberg was the alibi witness and stated her address. The abstract discloses that the witness was called and, upon objection by the prosecution, an offer of proof was made wherein Amberg testified that she was with defendant at 11:00 P.M. on the night of the burglary, and that from 12:15 to 1:30 A.M. she and the defendant were parked on a remote road.

It appears that the alibi testimony of this witness was grotesquely inconsistent with that theretofore disclosed in answer to the State's motion.

John Cline, father of defendant, testified without making any reference to the alibi. Defendant's mother did not testify and Sandy Casper did not testify. The cab driver testified that he picked up defendant after 1:30 A.M., rather than between 12:15 and 12:30 A.M. as was indicated in the defense file. The relevant portion of Ill. Rev. Stat. 1969, ch. 38, par. 114—14, concerning alibi defense includes the language that the defendant shall file:

> "[A] notice in writing of his intention to assert such alibi, which notice shall include specific information as to the place where the accused maintains he was at the time of the alleged offense and the names and addresses of the witnesses whom the defendant intends to call to establish such alibi defense. A defendant *shall not be permitted to introduce evidence inconsistent with such notice* unless the defendant establishes to the satisfaction of the court that witnesses to be called and not named in the notice were not known at the time such notice was filed or the court for other good cause permits the notice to be amended." (Emphasis supplied.)

The facts of record make apparent that if Amberg was, in fact, with defendant at the times and places stated, such fact was known to him prior to and at the time he filed his answer. Counsel's statement that he was not told of this witness until the date he advised the State's Attorney does not meet the requirements of the statute.

It is apparent that inquiry into the validity and credibility of the replacement alibi could not be ascertained in the customary recess of trial to find out what the witness will say, or even overnight. As stated in *Williams v. Florida:*

> "Given the ease with which an alibi can be fabricated, the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate."

■■ We are not persuaded by the argument that *Washington v. Texas,* 18 L.Ed.2d 1019, 388 U.S. 14, 87 S.Ct. 1920, controls this case upon the constitutional issue. This opinion held that a State could not "by arbitrary rule" exclude categories of otherwise competent witnesses. The Illinois statute at issue gives the trial court discretion upon a showing of facts to permit the use of the "surprise witness". The defendant, here, did not make any valid attempt to show justification. The exclusion of the witness is not the result of an arbitrary rule and we find no abuse of discretion.

It appears that the issue of unconstitutionality raised here was included among a spectrum of constitutional issues raised in *Holiday.* As stated in that opinion, defendant did act under the provisions of our

statute and was not, in fact, denied an opportunity to present any alibi witness. The court there concluded that there was no issue of restriction of the right to compulsory process.

The judgment is affirmed.

Judgment affirmed.

SIMKINS, J., concurs.

Mr. PRESIDING JUSTICE CRAVEN dissenting:

The requirement of notice of an alibi defense, like the rules relating to discovery in criminal cases, serves the useful purpose of avoiding surprise. Notice of alibi and information obtained by discovery aid in the truth-finding process of a trial and reduce the tactical fencing of former days. Noncompliance with discovery orders or noncompliance with the requirement of disclosure of alibi is subject to sanctions—sanctions designed to accomplish the purpose of pretrial disclosure of relevant and material information and the elimination of the tactical advantage of surprise.

Such sanctions as are invoked by the court should be aimed at accomplishing that objective and that purpose and not aimed at encroaching upon a fair trial. Thus, in *People v. Endress*, 106 Ill.App.2d 217, 245 N.E.2d 26, this court, prior to the promulgation of rules of discovery in criminal cases, upheld an order for discovery and in commenting upon the willful refusal of the prosecutor to comply, we noted that an order suppressing the evidence, the discovery of which was denied by the prosecutor, had the effect of decreasing the equality necessary for a fair trial. Excluding evidence by an order of suppression was there said to be a sanction which affected the prosecution and not the prosecutor who refused to comply with the order. The clear import of our opinion in *Endress* was that a more meaningful and effective sanction was available other than denying the admission of relevant evidence to establish guilt. In this connection, it should be noted that Supreme Court Rule 415 (g) provides for sanctions and gives wide discretion to the trial judge, but the sanctions there enumerated are aimed at obtaining the discovery and not at frustrating the trial as to either party.

In *People v. Adams*, 8 Ill.App.3d 62, (N.E.2d), this court discussed the action of the trial court in permitting certain witnesses to testify whose names had not been furnished the defendant as required. We there held that the trial court could permit such testimony in the exercise of its discretion. If the defendant was surprised by the evidence, such could be cured by a continuance so as to eliminate the surprise. The

circuit court there properly admitted the testimony and offered a continuance.

While the statutory provision with reference to disclosure of alibi defense does have language to the effect that nondisclosure may result in an order excluding the offered evidence, a reading of the entire provisions of Section 114—14 (Ill. Rev. Stat. 1969, ch. 38, par. 114—14), indicates that the trial judge has discretion not unlike the discretion afforded by the Supreme Court Rules relating to discovery. The court *"may"* exclude evidence and the court is permitted to allow the defendant to amend his notice of alibi defense. (Emphasis added.)

The even-handed administration of the the rules for discovery and the statutory requirement of disclosure of alibi defense clearly suggests that the sanction here employed was in excess of that which was necessary, indeed was unnecessary, and an abuse of discretion. The alibi witness may or may not have been believed or believable—such is beside the point. The prosecution's case here is based essentially upon testimony of accomplices, which testimony, while sufficient to convict, is viewed with caution and circumspection.

Accordingly, I dissent from the opinion which approves such a severe sanction as the exclusion of possibly meaningful testimony.