UNITED STATES of America ex rel.
Roger K. SNYDER

v.

Leonard J. MACK, Superintendent.

Civ. A. No. 73–157.

United States District Court,
E. D. Pennsylvania,

March 25, 1974.

Roger K. Snyder, pro se.

Israel Packel, Atty. Gen. of the Commonwealth of Pa., Robert L. Van Hoove, Dist. Atty., Reading, Pa., Grant E. Wesner, Deputy Dist. Atty., for defendant.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

■ Before us is a petition for a writ of habeas corpus filed by Roger K. Snyder, a state prisoner *pro se*. Evidence adduced at the trial establishes that on October 13, 1969, a burglary occurred at the Mertztown Post Office in Long Swamp Township, Berks County, Pennsylvania; defendant-relator, who was charged with the crime, was indicted for burglary, larceny and possession of burglary tools, and subsequently convicted by a jury for commission of these offenses. He was thereafter sentenced to serve a term of imprisonment of three to seven years. He then appealed to the Superior Court of Pennsylvania raising substantially the same issues now before us. The judgment of the lower court was affirmed, Commonwealth v. Snyder, 221 Pa.Super. 795, 291 A.2d 880 (1972), and a petition to the Supreme Court of Pennsylvania for allowance of an appeal was thereafter denied on October 24, 1972.[1] We are satisfied that all appropriate state remedies have been exhausted.[2]

Previously, petitioner sought to have this court grant a writ of habeas corpus in United States of America ex rel. Roger K. Snyder v. Leonard J. Mack (Civil Action No. 72–75). That petition was denied without reaching the merits of the issues which are now before us.

Relator's contention that he has been unlawfully detained is based upon alleged error in the rulings of the trial court. We quote his contentions verbatim:

1. "Trial Judge erred in denying defendant to move for a mistrial and would not recognize defendant and/or his motions as long as he was represented by counsel."

2. "Defense Counsel entered 'coerced' motions in behalf of defendant but not in the same light as defendant previously motioned for."

3. "Trial Judge would not grant a continuance to defendant in order to allow defense counsel time to appraise alibi witnesses."

4. "Defense Counsel admits that he hadn't discussed alibi witnesses with defendant prior to trial."

We have reviewed the record of the proceedings in the state court and conclude that an evidentiary hearing is not required.[3]

■ Relator asserts as the first ground of error the trial judge's denial of his motion for a mistrial and of his request to participate in the trial. During his trial before the Honorable Warren K. Hess, President Judge of the Court of Common Pleas of Berks County, relator expressed dissatisfaction with the conduct of the trial, and in particular with the actions of his court-appointed counsel. Judge Hess held a conference to warn relator about his attitude, and also to inform him in detail of counsel's functions. Relator was told that he could represent himself and that the Court would also permit counsel to advise defendant during the course of the trial; he was informed, however, that if counsel continued in the capacity of trial attorney, then conduct of the trial would be in counsel's hands exclusively. Relator thereupon elected to have his court-appointed trial counsel continue in that capacity. We conclude that Judge Hess acted within the bounds of his discretion in denying relator's request for recognition of him in a *pro se* capacity when he

1. The relator also unsuccessfully appealed a sentence for contempt imposed upon him by the Court.

2. *See* Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

3. *See* 28 U.S.C. § 2244(c); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

was in fact represented by counsel. There is no constitutional right to "hybrid representation conducted partly by the criminal defendant and partly by counsel".[4]

■ Relator subsequently moved for a mistrial because he wished to discharge his attorney and obtain other court-appointed counsel of his choice. The court denied the motion for a mistrial and relator alleges this is constitutional error. We do not agree. The right of an indigent prisoner to have assistance of counsel does not include a right of the accused to dictate the appointee to the court as long as competent counsel has in fact been designated. A review of this record leads us to conclude that court-appointed counsel was in fact competent in all respects. Thus, it was within the trial court's discretion to determine whether the trial should be interrupted and new counsel appointed because of the accused's dissatisfaction with the representation he had.[5]

■ Relator also complains about his counsel's failure to register objections and present motions in the "same light" as relator had suggested. Although under some circumstances this allegation would suggest that defense counsel was incompetent, thus denying relator his right to effective legal representation, this conclusion is not supported by the record. Relator has not pointed to, nor can we discern, any difference in substance between the objections and motions proffered by relator and those made by his attorney.

The third and fourth allegations challenge the propriety of the trial judge's denial of a continuance on the ground that relator was denied the right to present alibi defense witnesses, in violation of his rights under the Sixth Amendment made applicable to the states through the Fourteenth Amendment.[6] Relator was indicted on February 26, 1970, and went to trial on June 4, 1970. A mistrial was declared. Relator's second trial commenced September 30, 1970. On October 1, 1970, after the Commonwealth had rested, relator's counsel appointed in June of 1970 after the first trial had aborted, requested a continuance of the proceedings for the purpose of further investigating the possibility of advancing an alibi defense, to be established by witnesses whose existence had first been revealed to him by relator the prior evening, September 30, 1970. Counsel informed the court that he had not been apprised of an alibi defense before that time and therefore was unable to consult with the alleged witnesses. Counsel further represented that before trial he had repeatedly asked the accused to tell him the names of witnesses who could be of aid to him and that relator had never before told him about the existence of any alibi witnesses. The prosecutor objected to the motion for a continuance; he argued that the accused had had ample time and opportunity to file notice of alibi witnesses as required by Pennsylvania law, Rule 312, Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix.[7] Rela-

---

4. *See* 28 U.S.C. § 1654; Lee v. Alabama, 406 F.2d 466 (5th Cir. 1968) cert. denied 395 U.S. 927, 89 S.Ct. 1787, 23 L.Ed.2d 246 (1969); *see also* United States v. Dellinger, 472 F.2d 340, 408 (7th Cir. 1972), cert. denied 410 U.S. 970, 93 S.Ct. 1443, 35 L.Ed.2d 706 (1973).

5. United States ex rel. Allen v. Rundle, 233 F.Supp. 633 (E.D.Pa.1964) cert. den. 382 U.S. 857, 86 S.Ct. 109, 15 L.Ed.2d 94 (1965).

6. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

7. Rule 312, Pennsylvania Rules of Criminal Procedure, in relevant part, reads as follows:

Rule 312. Notice of Alibi Defense

(a) When a defendant intends to offer the defense of alibi at trial, he shall at any time before or after indictment but not later than five days before trial, file notice with proof of service on the attorney for the Commonwealth, specifying his intention to claim such defense and giving the place where he will claim to have been at the time of the alleged offense and the names and addresses of the witnesses he intends to call in support of such claim.

tor's counsel admitted that no valid reason existed to excuse his failure to file the requisite notice in June of 1970, apart from relator's failure to advise him of an alibi defense. The court accordingly denied the motion for a continuance.

On Friday, October 2, 1970, the trial court, in summarizing the proceedings of the previous day, stated that the District Attorney's objection to a continuance had been sustained and said in pertinent part that the court had "also ruled, when advised of the time that the request had been made that the witness be called, that the alibi defense came too late in the case, and so that as a matter of law, the court on the record disposed of the issue of the defense and alibi." [Extract from notes of testimony on October 2, 1970, P. 17.]

In an opinion sur motions in arrest of judgment and for a new trial, Judge Hess cited Rule 312, Pennsylvania Rules of Criminal Procedure, and concluded that the interests of justice did not require the production of the alibi defense for the following reasons:

> The Commonwealth had already closed its case when the issue was raised. The defendant did not tell his counsel about the witnesses until after the prosecution closed. At a prior trial three months earlier the defendant never mentioned alibi when he was represented by other counsel. Commonwealth v. Snyder, In the Court of Common Pleas of Berks County, Pennsylvania Criminal Division, No. 236 of 1970. Sur Motions in Arrest of Judgment and for a New Trial.

Whether the denial by the trial judge of a motion for a continuance is so arbitrary as to violate due process has been said by the United States Supreme Court to depend on the facts of each case. In Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940) counsel had been appointed to defend a murder charge three days before trial began. Counsel's motion for a continuance for additional preparation time was denied by the trial judge. The Supreme Court held that the petitioner had not been denied his right to counsel with the concomitant incidents of consultation and opportunity for preparation for trial. The Court stated:

> "In the course of trial, after due appointment of competent counsel, many procedural questions necessarily arise which must be decided by the trial judge in the light of facts then presented and conditions then existing. Disposition of a request for continuance is of this nature and is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed." 308 U.S. at 446, 60 S.Ct. at 322.[8]

■ This petitioner's voluntary delay in informing his counsel of possible alibi witnesses, his failure to justify that delay, and the stage of the proceedings at which he raised the issue of an alibi for the first time, cumulatively presented the trial court with a set of circumstances that clearly justified the denial of the continuance, a decision that was well within the bounds of reasonable exercise of discretion.

■ Although the United States Supreme Court has recently held "that the Due Process clause forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants", that decision is not controlling in the instant case because the trial court here

(b) Unless the interests of justice require it, on a defense of alibi a defendant may not call any witness not named in such notice, or any witness on an alibi different from that alleged in the notice.

8. *See also* Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964); United States v. Addonizio, 451 F.2d 49, 61 (3 Cir. 1971); cert. denied, 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972); United States v. Weathers, 431 F.2d 1258 (3d Cir. 1970); United States ex rel. Carey v. Rundle, 409 F.2d 1210 (3d Cir. 1969), cert. denied 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970); United States ex rel. Drew v. Myers, 327 F.2d 174 (3d Cir. 1964), cert. denied 379 U.S. 847, 85 S.Ct. 88, 13 L.Ed.2d 52.

was not presented with a factual situation which required it to rule upon the validity of the Pennsylvania notice-of-alibi rule. Wardius v. Oregon, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973). In *Wardius* alibi testimony was actually presented and subsequently stricken because of the petitioner's failure to comply with the notice-of-alibi requirement of the Oregon statute (similar to the Pennsylvania rule cited by the state trial court here). The gravamen of this petitioner's motion was his request for interruption of a trial already in progress in order to afford his counsel the opportunity to *investigate* a possible alibi defense revealed to him for the first time the previous evening.

Apart from this distinction between the facts of this case and those of *Wardius,* we find no evidence in the record before us from which an inference can be drawn that the notice-of-alibi rule had in fact deterred petitioner from alleging his defense earlier or had compelled him "to decide whether or not to reveal his alibi defense to the prosecution", thus hazarding surprise refutation of his defense. Wardius v. Oregon, *supra,* 412 U.S. at 477, 93 S.Ct. at 2213, 37 L.Ed.2d at 88, 89. Indeed, petitioner has argued in his brief that he was unaware of the Pennsylvania law.

Irrespective of the subsequent *Wardius* decision, in determining whether to grant the requested continuance, the court's limited reliance upon the notice requirement as one ground for its decision was not unwarranted "in light of facts then presented and conditions then existing". Avery v. Alabama, *supra,* 308 U.S. at 446, 60 S.Ct. at 322. Although not addressing itself to the issue of reciprocal discovery rights, the Pennsylvania Supreme Court had upheld the constitutionality of the Pennsylvania notice-of-alibi rule. Commonwealth v. Phoenix, 217 Pa.Super. 121, 268 A.2d 460 (1970); Commonwealth v. Vecchiol-

li, 208 Pa.Super. 483, 224 A.2d 96 (1966). In addition, the United States Supreme Court had recently upheld the Florida notice requirement, Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), leaving undecided, however, the validity of such a rule which did not grant reciprocal discovery rights.

Hence, at the time of relator's trial in September, 1970, not only had the Supreme Court of Pennsylvania upheld the substantive provisions of Rule 312 of the Pennsylvania Rules of Criminal Procedure, but the Supreme Court of the United States had not rendered a definitive decision as it later did in *Wardius* when, for the first time, it held that the rule cannot be enforced unless reciprocal discovery rights are also available to the defendant. Therefore, although *Wardius* may preclude enforcement of the Pennsylvania notice-of-alibi rule because that rule does not provide for reciprocal discovery rights, we need not decide whether the *Wardius* decision has retroactive applicatiion in light of the "existent condition" standard applicable to the exercise of a court's discretion in ruling upon a motion for continuance. Avery v. Alabama, supra, 308 U.S. at 446, 60 S.Ct. 321.

■ In addition, we believe that the trial court's reliance upon the notice-of-alibi rule, even if erroneous, would not have been a violation of relator's due process rights under the Fourteenth Amendment. It is axiomatic that if one of the grounds for the denial of a motion is proper, the impropriety of another ground will not vitiate the ruling so long as a constitutionally sound basis may be found to support the court's ruling.[9]

In the instant case the state court relied upon valid considerations separate and distinct from the notice-of-alibi rule. Even if the trial court had reject-

9. *See* Brown v. Allen, 344 U.S. 443, 459, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Rule 61, Federal Rules of Civil Procedure; Rule 52, Federal Rules of Criminal Procedure; *see*

*also* Herb v. Pitcairn, 324 U.S. 117, 125–126, 65 S.Ct. 459, 89 L.Ed. 789 (1945); Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224 (1937).

ed the notice-of-alibi rule as a ground for denying a continuance, we believe the court quite properly could have denied the continuance on the basis of the other facts presented to it. Thus, the court's limited reliance upon the notice requirement, even if erroneous, could not be construed to have been so prejudicial as to deprive relator of a fair trial.[10]

Accordingly, we hold that the denial of a continuance under the circumstances of this case was well within the broad discretion of the trial court judge and did not abridge petitioner's rights to due process guaranteed by the Fourteenth Amendment. We therefore enter the following order.

## ORDER

And now, to wit, this 25th day of March, 1974, it is hereby ordered that the petition for a writ of habeas corpus is denied. There is no probable cause for appeal.

---

10. *See* United States ex rel. Cannon v. Maroney, 373 F.2d 908, 910 (3d Cir. 1967).