James X. GREEN, Petitioner,

v.

Walter FOGG, Acting Superintendent of Green Haven Correctional Facility, Respondent.

No. 76 Civ. 4869 (MP).

United States District Court, S. D. New York.

Nov. 16, 1976.

The Legal Aid Society, New York City, for petitioner; William E. Hellerstein, William J. Gallagher, Ursula Bentele, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondent; Charles A. Bradley, Asst. Atty. Gen., Buffalo, N. Y., of counsel.

## OPINION

POLLACK, District Judge.

Petitioner, a state prisoner, seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on the ground that he was convicted in alleged violation of due process when (a) he was required to disclose his alibi witnesses without obtaining reciprocal discovery of the prosecution's rebuttal witnesses, and (b) he was found guilty of robbery in the *first* degree without affirmative proof by the prosecution of an essential element of that crime, namely, that the weapon he carried was loaded.[1] He requests that he be released from custody unless the state conducts a new trial within sixty days. The petition is denied for the reasons which appear hereafter.

On May 23, 1973, an indictment was filed in New York Supreme Court, Queens County, charging petitioner with first degree robbery in violation of New York Penal Law § 160.15.

On October 30, 1973, the prosecutor served upon petitioner's defense counsel a notice-of-alibi demand, pursuant to former N.Y.C.P.L. § 250.20, requiring petitioner to disclose the substance of his alibi, and those witnesses he would use to substantiate it.

On that same day, defense counsel moved for an order relieving petitioner of having to comply with this demand, on the ground that the notice-of-alibi statute failed to provide petitioner with reciprocal discovery of the prosecution's rebuttal witnesses, as was allegedly required under *Wardius v. Oregon,* 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973). The motion was denied, apparently on the theory that New York provided criminal defendants with far more liberal discovery rights than did Oregon.

Petitioner thereafter provided the prosecutor with the names of his alibi witnesses and the name of the place where he claimed to have been at the time of the robbery. The prosecution did not provide defense counsel with the name of its rebuttal witness.

At the trial, petitioner's parents testified that they, together with petitioner and his brother, had been in North Carolina at the time of the robbery; they recalled pleasant weather, with rain only towards the end of their trip. In rebuttal, the People merely offered public scientific data through the testimony of Walter Zeltman, an expert meteorologist. Mr. Zeltman testified, after examining certified copies of official weather records, that a snow storm had struck North Carolina during the period when the Greens claimed to have been there.

Petitioner was eventually convicted of the first degree robbery charge, pursuant to a jury instruction which charged that the jury could convict of first degree robbery if it found beyond a reasonable doubt that petitioner "displayed what appeared to be a pistol, revolver, or other firearm." No evidence was introduced at the trial either by the prosecution or the defense that the weapon involved was loaded or unloaded. Petitioner appealed to the Appellate Division, Second Department, raising both of the points he presses here. The conviction was affirmed, without opinion. Leave to

---

1. Robbery with use of an unloaded weapon is punishable only as *second* degree robbery. N.Y. Penal Law §§ 160.10, 160.15(4).

appeal to the New York Court of Appeals was denied by Chief Judge Breitel on April 23, 1976. This petition followed.

Due Process does not require that a criminal defendant be apprised of the prosecution's rebuttal case prior to the introduction of his alibi. It is sufficient that he be apprised of the rebuttal prior to its introduction. *Wardius v. Oregon,* 412 U.S. 470, 475, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973); *cf.* Fed.R.Crim.P. 12.1(c), (d). Where, as here, a defendant has failed to request an adjournment at the introduction of unexpected rebuttal evidence, and, more importantly, where that rebuttal evidence involves solely scientific facts as immutable as a weather report, the Court must conclude that the error, if there was any at all, was not prejudicial.

The Court is also not persuaded that N.Y. Penal Law § 160.15(4) is unconstitutional, insofar as it imposes on the defendant the obligation to establish by way of affirmative defense that a firearm used in a robbery is not loaded. *See People v. Felder,* 39 A.D.2d 373, 334 N.Y.S.2d 992 (2d Dept. 1972), *aff'd,* 32 N.Y.2d 747, 344 N.Y.S.2d 643, 297 N.E.2d 522, appeal dismissed for want of a substantial federal question, 414 U.S. 948, 94 S.Ct. 299, 38 L.Ed.2d 204 (1973)[2]; *Farrell v. Czarnetsky,* 417 F.Supp. 987 (S.D.N.Y.1976).

Accordingly, the petition is, in all respects, denied.

SO ORDERED.

---

2. "'[V]otes . . . to dismiss for want of substantial federal question . . . are votes on the merits . . . .'" *Hicks v. Miranda,*

422 U.S. 332, 344, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223 (1975).