597 F.2d 604
 UNITED STATES of America ex rel. Leroy HAIRSTON,
Petitioner-Appellant, Cross-Appellee,
v.
WARDEN, ILLINOIS STATE PENITENTIARY, STATEVILLE CORRECTIONAL
CENTER, Respondent-Appellee, Cross-Appellant.
 Nos. 78-1219, 78-2219.
 United States Court of Appeals,
Seventh Circuit.
 Heard Dec. 8, 1978.
Decided April 30, 1979.
 
 Kenneth N. Flaxman, Chicago, Ill., for petitioner-appellant, cross-appellee.
 Timothy B. Newitt, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee, cross-appellant.
 Before SWYGERT, LAY* and PELL, Circuit Judges.
 LAY, Circuit Judge.
 
 
 1
 This case presents consolidated appeals from final orders of the federal district court denying petitioner's first application for a writ of habeas corpus (No. 78-1219) and granting petitioner's second application (No. 78-2219).
 
 
 2
 In 1969 Leroy Hairston, a member of a Chicago youth gang, was convicted for murder and sentenced to 75-100 years in prison following a jury trial in Illinois state court. In pretrial proceedings the petitioner unsuccessfully challenged the constitutionality of the Illinois alibi-notice statute.[1] The conviction was affirmed by the Illinois Appellate Court, and leave to appeal to the Illinois Supreme Court was denied. While his motion was pending before the Illinois Supreme Court the decision of Wardius v. Oregon, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), declaring the Oregon alibi-notice statute unconstitutional was decided by the Supreme Court of the United States.[2]
 
 
 3
 Having thus exhausted his state remedies, petitioner filed the first of two applications for a writ of habeas corpus in federal district court. As grounds for relief he asserted that the alibi-notice statute operated to deny him a fair trial, and that his trial was prejudiced by pretrial publicity and references made at trial concerning youth gang warfare in Chicago. Petitioner's counsel filed an affidavit stating that several witnesses could verify petitioner was in a location other than where the murder occurred; that counsel had verified the existence of the alibi witnesses; and counsel believed that any attempt to offer an alibi defense without compliance with the notice of alibi statute would have been futile since the trial court denied petitioner's alternative motions to obtain discovery of the prosecution's case or have the alibi disclosure statute declared unconstitutional. The district court, the Hon. William J. Lynch presiding, granted the writ of habeas corpus, ruling that the Wardius decision was to be applied retrospectively to petitioner's case.
 
 
 4
 On appeal, this court reversed the district court's decision. The court stated:
 
 
 5
 (W)e need not consider the retroactivity of Wardius because it is clear from the state court record that petitioner was not harmed by application of the Illinois statute.
 
 
 6
 Petitioner concedes that no alibi evidence was excluded in this case, but he contends that the trial court's ruling on his motion to quash was the equivalent of such exclusion. We disagree.
 
 
 7
 Petitioner's argument to the state court on the motion to quash was directed primarily at obtaining reciprocal discovery, not only of the state's rebuttal witnesses but also grand jury minutes, police reports and other materials. Petitioner never requested a ruling that any alibi evidence would be excluded if he offered it without complying with the statute. In addition, the statute provides that the court may exclude the evidence. Illinois courts have interpreted this provision to make the decision discretionary with the trial judge. People v. Cline, supra, 8 Ill.App.3d 917 at 921, 290 N.E.2d 622. We cannot conclude, therefore, that had alibi evidence been offered at trial, it would have been excluded. For this reason, the alibi-notice statute was not unconstitutionally applied in this case.
 
 
 8
 (Emphasis added.) (Footnotes omitted.)
 
 
 9
 Because the district court did not address the prejudicial pretrial publicity claim, this court remanded the case to the district court for consideration of this cause.
 
 
 10
 On remand the district court, Judge Bernard M. Decker presiding, noted that this court limited the remand to consideration of the prejudicial publicity claim and therefore denied petitioner's motion for renewed consideration of the Wardius claim. With regard to the merits of petitioner's claim of prejudicial publicity the district court denied the writ. From this order petitioner now appeals (No. 78-1219).
 
 
 11
 Thereafter petitioner filed a second petition for a writ of habeas corpus again asserting that the right to present alibi testimony was impaired by application of the Illinois alibi-notice statute. The district court, Judge Bernard M. Decker presiding, held that a successive petition was appropriate under the unusual circumstances presented in the case. The court reasoned:
 
 
 12
 In support of this motion, the petitioner has filed an affidavit from his trial counsel supplementing the original affidavit filed before Judge Lynch, and an affidavit from counsel for his codefendant. Both affidavits essentially reiterate the belief of counsel that the court had clearly indicated that an alibi defense would not be permitted without compliance with the statute. The supplemental affidavit from Hairston's trial counsel also refers to his fear that any further attempt to present an alibi defense might subject him to a finding of contempt. The trial court transcript substantiates the claims now asserted by petitioner.
 
 
 13
 These circumstances appear to place this claim among those which may be heard by the federal courts on successive Habeas corpus petitions under the standards articulated in Sanders v. U. S., 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963). Successive application of the claim is permissible unless "the ends of justice would not be served by reaching the merits of the subsequent application." The Seventh Circuit has stressed the necessity of a full and fair hearing on the claim on the first application. U. S. ex rel. Townsend v. Twomey, 452 F.2d 350 (7th Cir. 1972). The district court opinion presents strong grounds for a conclusion that this claim, I. e., that it would have been futile to seek to formally raise the alibi defense at trial, was never given full consideration by Judge Lynch.
 
 
 14
 The district court significantly added in footnote 2:
 
 
 15
 The petitioner was of course, In no position to object to the failure of Judge Lynch to give full consideration to all the issues relating to the claim that he was hurt by the trial judge's position on the alibi statute. Since Judge Lynch granted the writ, there was no apparent necessity to do so, nor could the petitioner bolster the record on appeal.
 
 
 16
 Memorandum Opinion and Order, Sept. 8, 1977 (No. 75C 1079). (Emphasis added.)
 
 
 17
 Judge Decker granted the writ. The State now appeals from this order.
 
 
 18
 We first consider petitioner's claim that he was denied due process by pretrial publicity and prejudicial references to youth gangs during his state trial.
 
 
 19
 Prior to defendant's trial there was a significant amount of news media attention given to violence caused by street gangs in Chicago. None of the media coverage, however, specifically mentioned defendant Hairston. A review of the voir dire examination of prospective jurors fails to reveal any suggestions that the jury was biased against the defendant in particular or against his connection with any street gangs. See Murphy v. Florida, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975).
 
 
 20
 Hairston contends, however, that the pretrial publicity, when coupled with references made at trial to his gang membership and that of his victim and the prosecutor's closing remarks concerning the evils of gang activity in general, was prejudicial. We agree with the district court that the evidence shows a relation between gang activity and motive for the killing. Upon review of the overall record we find the trial court did not abuse its discretion in ruling that the probative value of the street gang evidence outweighed the danger of undue prejudice.
 
 
 21
 We turn now to the challenge relating to the Illinois alibi statute. We initially note that the State does not challenge the district court's conclusion that renewed consideration of the Wardius claim was permissible in the successive habeas petition under the standards promulgated in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Because the facts surrounding the Wardius issue were not explored in an evidentiary hearing when the first petition was filed, we agree with the district court that renewed consideration was appropriate. See Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).
 
 
 22
 Turning to the merits of the Wardius claim, the State argues that the proscriptions set forth in Wardius cannot be violated unless the defendant offers an alibi defense at trial and the defense is excluded. In the instant case, the defendant made no attempt to offer alibi evidence at trial. Accordingly, the State contends
 
 
 23
 since Wardius forbids enforcement of alibi rules absent reciprocal discovery, there can be no attempt to enforce the rule until the defense is offered and excluded and the holding of Wardius does not apply to this set of facts.
 
 
 24
 The federal district court rejected this argument based upon the following statement made by the state trial court judge during the hearing on defendant's motion for reciprocal discovery:
 
 
 25
 The Court: I don't think you have a problem there because if you don't comply with (the notice of alibi statute) you will not be able to use your alibi witnesses. . . .
 
 The federal district court concluded:
 
 26
 From the evidence presented at the hearing, it is evident that the unconstitutional alibi-notice statute was applied to force the petitioner to choose between complying with the notice requirement and presenting his defense without the reciprocal disclosure of rebuttal witnesses, or foregoing his opportunity to present his defense at all. Both this petitioner and the defendant in Wardius chose not to comply with the statute. The only difference between that case and this is that here the court ruled prior to trial that all alibi evidence would be excluded whereas in Wardius, the court did not rule until an alibi witness had already been called. This difference cannot be significant.
 
 
 27
 We agree. The state trial court judge expressly stated that defendant would not be able to use alibi witnesses at trial if he did not comply with the notice of alibi statute. This is precisely what was condemned in the Wardius decision.[3] See Wardius v. Oregon, 412 U.S. at 475-79, 93 S.Ct. 2208. The federal district court determined after a hearing that the defendant did have a bona fide alibi defense. This finding is supported by evidence introduced at the hearing and we find it not clearly erroneous.
 
 
 28
 Finally the state contends Wardius should not be applied retroactively. The district court found that Wardius should be applied retroactively since the defendant's inability to present his alibi defense undermined the factfinding process. We agree. See Stovall v. Denno, 388 U.S. 293, 297-98, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Linkletter v. Walker, 381 U.S. 618, 639, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Martin v. Wyrick, 568 F.2d 583 (8th Cir. 1978).
 
 
 29
 The judgment of the district court granting a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, is sitting by designation
 
 
 [1]
 Ill.Rev.Stat. ch. 38, § 114-14 provides in part:
 Upon request of the prosecuting attorney . . . whenever a defendant . . . proposes to offer in his defense, testimony of witness other than himself to establish an alibi, such defendants (sic) shall, not less than 5 days before the trial of such cause, file and serve upon the prosecuting attorney a notice in writing of his intention to assert such alibi, which notice shall include specific information as to the place where the accused maintains he was at the time of the alleged offense and the names and addresses of the witnesses whom the defendant intends to call to establish such alibi defense. If the defendant intends to offer an alibi by his own testimony he shall, not less than 2 days before the trial of such cause, file and serve upon the prosecuting attorney a notice in writing of his intention to assert such alibi, which notice shall include specific information as to the place where the accused maintains he was at the time of the alleged offense. The defendant shall not be permitted to introduce evidence inconsistent with such notice unless the defendant establishes to the satisfaction of the court that witnesses to be called and not named in the notice were not known at the time such notice was filed or the court for other good cause permits the notice to be amended. In the event of the failure of a defendant to file written notice as required in this Section, the court may exclude evidence offered by the defendant for the purpose of proving an alibi, if it appears to the court that such evidence takes the State by surprise.
 
 
 [2]
 In Wardius v. Oregon the Supreme Court found:
 (T)he Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants.
 We do not suggest that the Due Process Clause of its own force requires Oregon to adopt (reciprocal discovery) provisions. Cf. United States v. Augenblick, 393 U.S. 348 (, 89 S.Ct. 528, 21 L.Ed.2d 537) (1969); Cicenia v. Lagay, 357 U.S. 504 (, 78 S.Ct. 1297, 2 L.Ed.2d 1523) (1958). But we do hold that in the absence of a strong showing of state interests to the contrary, discovery must be a two-way street. The State may not insist that trials be run as a "search for truth" so far as defense witnesses are concerned, while maintaining "poker game" secrecy for its own witnesses. It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State.
 412 U.S. at 472, 475-76, 93 S.Ct. at 2211, 2212-2213 (footnote omitted).
 
 
 [3]
 In support of its argument that alibi witnesses must be offered and excluded at trial before Wardius is applicable, the State relies on Green v. Fogg, 422 F.Supp. 1034 (S.D.N.Y.1976) and United States ex rel. Snyder v. Mack, 372 F.Supp. 1077 (E.D.Pa.1974). Both of those cases are readily distinguishable. In Green the defendant complied with the alibi notice statute but the government failed to provide reciprocal discovery. The sole rebuttal witness used by the government was an expert meteorologist who testified on the basis of public weather reports about the weather conditions existing in the area in which defendant claimed to have been during the commission of the crime. The federal court held no violation of due process occurred "where (the) rebuttal evidence involves solely scientific facts as immutable as a weather report." 422 F.Supp. at 1036. In Snyder the defendant unjustifiably delayed in informing his counsel of possible alibi witnesses until after the prosecution had finished its case-in-chief. Given this attempt to raise such an eleventh-hour defense "the trial court (was presented) with a set of circumstances that clearly justified the denial of the continuance" requested by defendant so that his counsel could Investigate a possible alibi defense. 372 F.Supp. at 1080-81