THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN A. CLINE, Defendant-Appellant.

(No. 11413;

Fourth District—May 14, 1974.

Theodore A. Gottfried and John F. McNichols, both of State Appellate Defender's Office, of Springfield, for appellant.

William J. Scott, Attorney General, of Chicago, and C. Joseph Cavanagh, State's Attorney, of Springfield (James B. Zagel, Assistant Attorney General, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Upon certiorari the United States Supreme Court vacated the judgment of this court affirming defendant's conviction of burglary (8 Ill.App.3d 917, 290 N.E.2d 622) and remanded the cause for further consideration in the light of *Wardius v. Oregon,* 412 U.S. 470, 37 L.Ed.2d 82, 93 S.Ct. 2208.

At issue under such order is the constitutionality of Ill. Rev. Stat. 1969, ch. 38, par. 114—14, which provides:

"Upon the request of the prosecuting attorney, filed and served upon a defendant not less than 10 days before the trial of such cause, whenever a defendant charged with an offense * * * proposes to offer in his defense, testimony to establish an alibi, such defendant shall, not less than 5 days before the trial of such cause, file and serve upon the prosecuting attorney a notice in writing of his intention to assert such alibi * * *."

In *Wardius*, the Supreme Court held an Oregon statute requiring notice of a proposed alibi defense, including the names of witnesses upon whom defendant intended to rely, to be unconstitutional in the absence of "reciprocal discovery rights". That opinion made explicit language in *Williams v. Florida*, 399 U.S. 78, 26 L.Ed.2d 446, 90 S.Ct. 1893, concerning "reciprocal discovery", which had been the subject of interpretation.

In *People v. Holiday*, 47 Ill.2d 300, 265 N.E.2d 634, our supreme court considered the cited statute in the light of *Williams*, saying:

"However, as above noted, the alibi-notice statute does not provide for discovery of the State's alibi rebuttal witnesses (see Ill. Rev. Stat. 1967, ch. 38, par. 114—14), and the provision entitling defendants to discovery of 'prosecution witnesses' expressly excludes 'rebuttal witnesses' from its purview. (Ill. Rev. Stat. 1967, ch. 38, par. 114—9(c).) Provision for discovery of alibi-rebuttal witnesses would act to further implement the concept of a trial as a search for the truth, and we commend the matter as an appropriate subject for consideration by the General Assembly." (47 Ill.2d at 303-304.)

The court reviewed the extensive pre-trial discovery afforded to defendants in criminal cases and concluded:

"Nevertheless, we do not feel that the discoverability of alibi-rebuttal witnesses is an essential element of due process where the defendant is otherwise accorded substantial discovery of prosecution witnesses. * * * We hold, therefore, that the requirements of the alibi-notice statute, considered in conjunction with the defendant's discovery rights, are consonant with the fundamental-fairness-due-process concept." (47 Ill.2d at 304.)

In *Wardius*, the United States Supreme Court declared:

"It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State." *Wardius v. Oregon*, 412 U.S. at 476, 37 L.Ed.2d at 88, 93 S.Ct. at 2212.

■■ While the issue of discovery of rebuttal witnesses did not appear

in either the trial of this case or the subsequent appeal within the context of the statute at the time of trial [1] as construed in *Holiday*, there was no provision for discovery of prosecution witnesses who might be called to rebut defendant's alibi and the statute at issue must be held unconstitutional within the rule of *Wardius*.

■■ It appearing that an alibi witness tendered by defendant was excluded for failure to comply with the statute, the judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded.

CRAVEN and SIMKINS, JJ., concur.

---

[1] While it has not been construed upon this issue, Supreme Court Rule 412, effective October 1, 1971, provides:
"(a) Except as is otherwise provided in these rules as to matters not subject to disclosure and protective orders, the State shall, upon written motion of defense counsel, disclose to defense counsel the following material and information within its possession or control:
    (i) the names and last known addresses of persons whom the State intends to call as witnesses, together with their relevant written or recorded statements, memoranda containing substantially verbatim reports of their oral statements, * * *.
(d) The State shall perform its obligations under this rule as soon as practicable following the filing of a motion by defense counsel."