MEMORANDUM OPINION AND ORDER
 

 ASPEN, District Judge:
 

 This is a petition for a writ of habeas corpus filed by Johnny Veal pursuant to 28 U.S.C. § 2254(a) in January, 1980. Veal is currently incarcerated at Stateville Correctional Center in Joliet, Illinois, where he is serving concurrent terms of not less than 100 years nor more than 199 years for the murders of two Chicago police officers in July, 1970. His conviction was affirmed by the Illinois Appellate Court in
 
 People v. Veal,
 
 58 Ill.App.3d 938, 16 Ill.Dec. 188, 374 N.E.2d 963 (1st Dist. 1978). The Illinois Supreme Court denied leave to appeal, and Veal’s petition for a writ of certiorari was denied by the United States Supreme Court,
 
 Veal v. Illinois,
 
 441 U.S. 908, 99 S.Ct. 2001, 60 L.Ed.2d 378 (1979).
 
 [1]
 

 Veal challenges his state criminal conviction as having been procured in violation of his sixth amendment right to confront and cross-examine witnesses, and to compel the attendance of witnesses in his behalf, and his fourteenth amendment right to due process, in that: (1) the trial court refused to let petitioner’s alibi witnesses testify in his defense because their names were not disclosed to the State at the conclusion of the State’s case-in-chief; (2) the State failed to disclose charges pending against two juvenile witnesses who testified for the State and did not correct the perjured testimony of one of these witnesses on this point at trial; (3) the State suppressed and failed to disclose upon request other evidence favorable to the defense; and (4) the trial judge was a material witness who declined to recuse himself and testify at the post-trial hearing concerning an
 
 in camera
 
 and partially recorded discussion he had with one of the State’s witnesses during the trial at which the witness, who later recanted his trial testimony at the post-trial proceeding, maintained that he told the judge that he had fabricated his trial testimony because of threats made by the State.
 
 [2]
 

 This matter is presently before the Court on the parties’ cross motions for summary judgment pursuant to Fed.R.Civ.P. 56.
 
 [3]
 
 
 *709
 
 Since we hold that the state trial court’s refusal to allow the testimony of Veal’s alibi witnesses violated Veal’s sixth and fourteenth amendment rights, it is unnecessary to address the other grounds for relief asserted in Veal’s petition.
 

 I.
 

 Petitioner Veal and a co-defendant, George Clifford Knights,
 
 [4]
 
 were tried before a jury in the Cook County Circuit Court during the summer of 1971 for the July 17, 1970, murders of Chicago police officers James Severin and Anthony Rizzato at the Cabrini-Green housing project. The trial began m July and lasted well over a month. Veal and Knights each had separate counsel.
 
 [5]
 

 At the time of the trial, the Illinois Code of Criminal Procedure required that, upon request by the prosecution not less than ten days prior to trial, the defendant must produce, not less than five days prior to trial, notice that he intended to rely on an alibi defense. The notice was required to contain a statement of where the defendant claimed he was at the time of the crime and a list of the names and addresses of the witnesses whom the defendant intended to call to support the defense. Ill.Rev.Stat. ch.
 
 *710
 
 38 § 114-14 (1969).
 
 [6]
 
 If the defendant did not comply with the statute, the court was permitted to exclude any alibi evidence offered by the defendant. Ill.Rev.Stat. eh. 38, § 114-14 (1969). The Code specifically denied to the defense the right to discover the names and addresses of the State’s rebuttal witnesses. Ill.Rev.Stat. ch. 38 § 114-9(c) (1969).
 

 Prior to Veal’s trial, the State filed a motion for discovery which included a demand for notice of any alibi defense and the names and addresses of any alibi witnesses.
 
 People v. Veal,
 
 58 Ill.App.3d 938, 975-76, 16 Ill.Dec. 188, 374 N.E.2d 963 (1st Dist. 1978).
 
 See also
 
 Transcript at 6761, 6763-64. Veal did not respond to the State’s demand. After the State had presented its case-in-chief and before the commencement of the defense, Veal’s attorney argued that the Illinois notice-of-alibi statute was unconstitutional. He pointed out that while the United States Supreme Court, in
 
 Williams v. Florida,
 
 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), had held that the Florida notice-of-alibi statute did not offend the fifth amendment, the Court had specifically noted that the Florida statute mandated reciprocal discovery of the State’s rebuttal witnesses. Further, the Court in
 
 Williams
 
 had specifically left open the question of a defendant’s sixth amendment right to present witnesses on his behalf. Veal’s counsel argued that because the Illinois statute did not provide the defense an opportunity for reciprocal discovery and because the defendant had a sixth amendment right to present witnesses in his behalf, the statute was unconstitutional and should not be enforced. Transcript at 6759-61.
 

 The State argued that the attack on the constitutionality of the alibi statute was untimely. Transcript at 6760. The State went on to argue that in
 
 Williams,
 
 the Supreme Court had upheld the constitutionality of a statute “similar” to the Illinois statute. Further, they pointed out that the Illinois Supreme Court in
 
 People v. Holiday,
 
 47 Ill.2d 300, 265 N.E.2d 634 (1970), had upheld the constitutionality of the Illinois alibi statute, despite
 
 Williams.
 
 Transcript at 6773. In response, Veal’s counsel argued that the Illinois Supreme Court in
 
 Holiday
 
 had also specifically declined to rule on the sixth amendment issue. Transcript at 6774. The State responded that “we do wish to have the alibi statute complied with as the Illinois Supreme Court has stated it should be complied with, as the United States Supreme Court has stated it should be complied with.” Transcript at 6774. Veal’s counsel again argued that the Sixth Amendment of the United States Constitution as well as the Illinois Constitution guaranteed a defendant’s right to compel the attendance of witnesses. Transcript at 6775.
 

 The court responded:
 

 
 *711
 
 The answer is the Court will permit them to testify. The Court stated previously to defense counsel, I am going to treat the defense the same as it did the State. When the State offered a policeman there who wasn’t on the list, I said he could not testify, and at that time, I asked Mr. Pincham, or both counsel, I stated on the record, gentlemen, I am going to treat the defense the same way as I’m treating the prosecution. I want to be fair to both. If you have alibi witnesses, submit those names. To date, they were not given. This is the proper time to give a list of witnesses.
 

 Mr. Adam: I’ll not give them until the witness takes the stand.
 

 The Court: Then the Court will not permit them to testify, and that’s the order of Court.
 

 Transcript at 6776.
 

 Johnny Veal presented no defense and was convicted by the jury.
 

 II.
 

 In 1973, two years after Veal was convicted, the United States Supreme Court held that the due process clause of the fourteenth amendment forbids enforcement of notice-of-alibi rules unless reciprocal discovery rights are given to the defendant.
 
 Wardius v. Oregon,
 
 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973).
 
 [7]
 
 The Court stated that the purpose of notice-of-alibi rules is to give
 
 both
 
 parties the maximum possible amount of information with which to prepare their cases and thereby reduce the possibility of surprise at trial.
 
 Wardius, supra,
 
 412 U.S. at 473, 93 S.Ct. at 2211. Unlike the Florida statute at issue in
 
 Williams v. Florida, supra,
 
 the Oregon statute in
 
 Wardius
 
 had no provision for reciprocal discovery on its face. The Court in
 
 Wardius
 
 held that:
 

 It is fundamentally unfair to' require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State.
 

 Wardius, supra,
 
 412 U.S. at 476, 93 S.Ct. at 2212.
 

 It was insufficient, the Court held, that the Oregon trial court
 
 might
 
 have decided that petitioner was entitled to reciprocal discovery. The Court reasoned that a criminal defendant’s fourteenth amendment right to due process cannot be made to depend upon the possibility that the state trial court might provide for reciprocal discovery.
 
 See Wardius, supra,
 
 412 U.S. at 477-79, 93 S.Ct. at 2213-14.
 

 In
 
 Williams
 
 v.
 
 Florida,
 
 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), the Supreme Court had clearly stated that it was not deciding whether the threatened sanction for noncompliance with Florida’s notice-of-alibi statute — exclusion of alibi evidence — violated the sixth amendment.
 
 [8]
 
 “Whether and to what extent a State can enforce discovery rules against a defendant who fails to comply, by excluding relevant, probative evidence is a question raising sixth amendment issues which we have no occasion to explore. . . . ”
 
 Williams, supra,
 
 399 U.S. at 83 n.14, 90 S.Ct. at 1897 n.14. Similarly, in
 
 Wardius
 
 the Court stated that:
 

 Petitioner also argues that even if Oregon’s notice-of-alibi rule were valid, it could not be enforced by excluding either his own testimony or the testimony of supporting witnesses at trial. But in light of our holding that Oregon’s rule is facially invalid, we express no view as to whether a valid rule could be so enforced.
 
 Cf. Williams v. Florida, supra,
 
 at 83 n.14 [90 S.Ct. at 1897 n.14],
 

 
 *712
 

 Wardius, supra,
 
 412 U.S. at 472 n.4, 93 S.Ct. at 2211 n.4.
 

 Shortly after the
 
 Wardius
 
 decision, the Illinois notice-of-alibi statute was held unconstitutional by the Illinois courts on fourteenth amendment due process grounds.
 
 People v. Fields,
 
 59 Ill.2d 516, 322 N.E.2d 33 (1974),
 
 cert. denied,
 
 423 U.S. 843 (1975);
 
 People v. Cline,
 
 19 Ill.App.3d 446, 311 N.E.2d 599 (1974),
 
 aff’d,
 
 60 Ill.2d 561, 328 N.E.2d 534 (1975). In
 
 United States ex rel. Hairston v. Warden,
 
 597 F.2d 604, 609 (7th Cir.),
 
 cert. denied,
 
 444 U.S. 881, 100 S.Ct. 170, 62 L.Ed.2d 110 (1979), the Seventh Circuit held that
 
 Wardius
 
 should be applied retroactively.
 

 III.
 

 In support of his motion for summary judgment, Veal argues that he was precluded from presenting his alibi witnesses on reliance on the unconstitutional Illinois notice-of-alibi statute and in contravention of the sixth amendment’s guarantee of an absolute right to call witnesses on his behalf. In response to Veal’s arguments, the State acknowledges that the right to present witnesses in one’s behalf is fundamental and made applicable to the states by the due process clause of the fourteenth amendment.
 
 See Washington v. Texas,
 
 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). However, the State contends that it may condition exercise of this right on “reasonable rules designed to further legitimate state interests.” Memorandum of Law in Support of Motion for Summary Judgment at 4. It argues that exclusion of Veal’s alibi witnesses by the trial court “served the legitimate interest of the orderly administration of justice in order to safeguard against surprise.”
 
 Id.
 

 [9]
 

 The State does not refer to the Illinois notice-of-alibi statute in its memorandum supporting his motion for summary judgment. Yet it is clear from the trial transcript that the State assumed at trial that the court’s preclusion of petitioner’s alibi witnesses was based on that statute. On August 11, 1970, in arguing for a protective order, the State said: “A corollary of that order will be now that your Honor has ruled, because of the defense failure to comply with the alibi statute. . . . ” Transcript at 6789. Later that same day, an attorney for the State asserted: “Yesterday your Honor ruled that because the Defense had not complied with the Illinois Law [sic], that they would not be permitted to place upon the stand to testify any alibi witnesses. Your Honor clearly stated that, unequivocally said that is what it is.” Transcript at 6939. On August 16, 1970, the Assistant State’s Attorney stated: “Here is the hang up, if your Honor will let me use the vernacular, the defense and especially Veal has refused to obey the Illinois Alibi Statute.” Transcript at 7580.
 
 [10]
 
 Shortly thereafter, the following exchange occurred:
 

 Mr. Adam: ... I say that the alibi statute is unconstitutional. I say to you we don’t have to give it but—
 

 Mr. DiVito: But the Supreme Court says otherwise.
 

 Mr. Adam: The Supreme Court says we do—
 

 The Court: You are not complying with it.
 

 Transcript at 7584.
 

 The Court and the defense never contradicted the State’s characterization of the issue as one of compliance with the alibi statute, though the record makes clear that the literal terms of the statute as to timing
 
 *713
 
 were not being applied by the court.
 
 [11]
 
 It is clear that the trial judge either was attempting to apply the non-reciprocal Illinois alibi statute, albeit incorrectly, or was applying a judicially-created alibi rule of his own.
 
 [12]
 

 If the trial judge was applying the Illinois notice-of-alibi statute to exclude Veal’s alibi witnesses, the
 
 Wardius
 
 decision is directly applicable and the conviction cannot stand. If the trial judge was applying an alibi rule of his own creation, the principles enunciated in Wardius are still applicable. The fundamental unfairness which the Supreme Court found to exist when Oregon’s non-reciprocal notice-of-alibi statute was applied is surely as present when a non-reciprocal judicially-created rule is applied as when the rule is embodied in a state statute. The end result is the same: the defendant is precluded from presenting his alibi evidence because of his failure to comply with a fundamentally unfair procedural rule. As the Court explained in
 
 Wardius,
 
 it is not enough that the trial judge
 
 might
 
 have decided that petitioner was entitled to reciprocal discovery in the instant case. The State does not contend that the trial judge would have ordered it to provide such reciprocal discovery to the defense. Moreover, given the explicit statutory exception of rebuttal witnesses from discovery at that time, Ill.Rev.Stat. ch. 38 § 114~9(c) (1969), such a possibility appears highly unlikely.
 

 In
 
 United States ex rel. Hairston
 
 v.
 
 Warden, 597
 
 F.2d 604 (7th Cir. 1979), the petitioner sought habeas corpus relief on the ground that the trial court’s application of the Illinois notice-of-alibi statute in effect at the timé of his trial operated to deny him a fair trial. Th,e Seventh Circuit agreed with the petitioner and held that
 
 Wardius
 
 should be applied retroactively, because the defendant’s inability to prevent his alibi defense at trial undermined the fact-finding process.
 
 [13]
 

 In
 
 Allison v. Gray,
 
 603 F.2d 633 (7th Cir. 1979), the petitioner sought habeas corpus relief on the ground that exclusion of his alibi evidence under the Wisconsin non-reciprocal notice-of-alibi statute was unconstitutional. The Wisconsin Supreme Court had held that the non-reciprocal notice-of-alibi statute which was applied in Allison’s case was unconstitutional. The court affirmed Allison’s conviction, however, on the ground that the error in excluding Allison’s alibi evidence was harmless. The federal district court agreed with the Wisconsin Supreme Court that the error was harmless. The Seventh Circuit reversed. The Court stated that while the evidence presented at Allison’s trial was sufficient to support a jury verdict of guilty, it was not such overwhelming evidence “that no conceivable alibi evidence could overcome it.”
 
 Allison, supra,
 
 603 F.2d at 635. The Seventh Circuit concluded that the State could not meet its burden under
 
 Chapman v. California,
 
 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), of proving that the erroneous exclusion of Allison’s alibi was harmless beyond a reasonable doubt.
 
 Allison, supra,
 
 603 F.2d at 635.
 
 [14]
 

 
 *714
 
 In the instant case, it is evident that Veal, like the petitioners in
 
 Hairston
 
 and
 
 Allison,
 
 was forced “to choose between complying with the notice requirement and presenting his defense without the reciprocal disclosure of rebuttal witnesses, or foregoing his opportunity to present his defense at all.”
 
 Hairston, supra,
 
 597 F.2d at 608,
 
 quoting
 
 the district court opinion, No. 75 C 1079 (N.D.Ill., Sept. 8, 1977). This is prer cisely what the Supreme Court condemned as “fundamentally unfair” in
 
 Wardius, supra,
 
 412 U.S. at 472, 475-76, 93 S.Ct. at 2211, 2212.
 

 The exclusion of Veal’s alibi defense rendered his trial fundamentally unfair by undermining the fact-finding process. The issue thus becomes whether the exclusion of Veal’s alibi defense was harmless error. The State argues that the burden of demonstrating that the exclusion of Veal’s alibi evidence was harmless beyond a reasonable doubt rests upon Veal. However, that burden clearly belongs with the State.
 
 See Chapman v. California,
 
 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967);
 
 Allison v. Gray,
 

 603 F.2d 633, 635 (7th Cir. 1979). This burden has not been met in the instant case. Applying the harmless error test as enunciated in
 
 Chapman
 
 and
 
 Allison,
 
 we are unable to conclude that the complete exclusion of any alibi evidence by Veal or on his behalf was harmless beyond a reasonable doubt. There is no indication in the record of what alibi evidence Veal wished to introduce, nor to what his alibi witnesses would have testified. The State’s evidence was not so overwhelming that no conceivable alibi evidence could overcome it.
 
 [15]
 

 Accordingly, whether the court applied the Illinois notice-of-alibi statute then in use or a judicially-created notice-of-alibi rule, the trial court’s exclusion of the testimony of Veal’s alibi witnesses rendered the trial fundamentally unfair and denied Veal due process of law in contravention of the fourteenth amendment.
 

 IV.
 

 Veal also contends that exclusion of his alibi evidence at his state court trial violat
 
 *715
 
 ed his sixth amendment right “to have compulsory process for obtaining witnesses in his favor.” This right is applicable to the states as “a fundamental element of due process of law” in
 
 Washington v. Texas,
 
 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 109 (1967).
 

 The question of whether a state can enforce discovery rules against a criminal defendant who fails to comply with them by excluding relevant, probative evidence such as that which would presumably be provided by alibi witnesses has specifically been left undecided by the Supreme Court.
 
 See Wardius v. Oregon,
 
 412 U.S. 470, 472 n.4, 93 S.Ct. 2208, 2211 n.4, 37 L.Ed.2d 82 (1973);
 
 Williams v. Florida,
 
 399 U.S. 78, 83 n.14, 90 S.Ct. 1893, 1897 n.14, 26 L.Ed.2d 446 (1970). The issue has also been left undecided by the United States Court of Appeals for the Seventh Circuit.
 
 See Allison v. Gray,
 
 603 F.2d 633, 634 n.l (7th Cir. 1979).
 
 [16]
 

 In
 
 Chambers
 
 v.
 
 Mississippi,
 
 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), the Supreme Court stated that:
 

 The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State’s accusations. The rights to confront and cross-examine witnesses
 
 and to call witnesses in one’s own behalf
 
 have long been recognized as essential to due process.
 

 Chambers,
 
 410 U.S. at 294, 93 S.Ct. at 1045 (emphasis added). The Court went on to say that “[f]ew rights are more fundamental than that of an accused to present witnesses in his own defense.” 410 U.S. at 302, 93 S.Ct. at 1049. The right to confront and cross-examine witnesses and to call witnesses in one’s own behalf, however, is not absolute. In
 
 Chambers,
 
 the Court stated that, in appropriate cases, the right to confront and cross-examine witnesses must “bow to accommodate other legitimate interests in the criminal trial process. But its denial or significant diminution calls into question the ultimate .‘integrity of the fact-finding process’ and requires that the competing interests be closely examined.” 410 U.S. at 295, 93 S.Ct. at 1045. This principle applies equally to the right of a criminal defendant to present witnesses in his own behalf.
 
 See Washington v. Texas,
 
 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 109 (1967);
 
 United States v. Davis,
 
 639 F.2d 239 (5th Cir. 1981). Thus, we must determine whether Johnny Veal’s sixth amendment right to call witnesses on his own behalf should bow to the state’s procedural interest in preventing surprise in the case at bar. We hold that it does not.
 

 In
 
 Chambers,
 
 the Mississippi trial court applied its hearsay rule to exclude the testimony of three defense witnesses who would have testified that a person other than the defendant had confessed to committing the murder with which the defendant was charged. The trial court also refused, under another Mississippi rule, to permit the defendant to cross-examine the person who had confessed to the crime. The defendant argued that the application of these state rules deprived him of a fair trial. The Mississippi hearsay rule at issue in
 
 Chambers
 
 was designed to prevent the introduction of untrustworthy evidence.
 
 Chambers,
 
 410 U.S. at 298, 93 S.Ct. at 1047. Similarly, the Texas rule prohibiting testimony by an accomplice on behalf of a criminal defendant at issue in
 
 Washington v. Texas, supra,
 
 had the same purpose.
 
 Washington,
 
 388 U.S. at 21-23, 87 S.Ct. at 1924-25. The surest way to prevent the introduction of untrustworthy evidence in
 
 Chambers
 
 would have been a mechanistic application of the hearsay rule, just as the surest way to avoid
 
 *716
 
 the introduction of perjured testimony in
 
 Washington
 
 would have been a blanket prohibition of testimony by accomplices of defendants in criminal trials. Yet the Supreme Court made it clear in both cases that screening of such testimony by a jury is an adequate alternative to complete exclusion and that the added effectiveness, if any, of a blanket prohibition is not justified when measured against the defendants’ sixth amendment rights.
 
 See generally
 
 Westen,
 
 The Compulsory Process Clause,
 
 73 U.Mich.L.Rev. 71, 137-39 (1973).
 

 In the instant cause, the discovery rules involved are designed primarily to prevent surprise, rather than to protect the integrity or trustworthiness of the evidence presented at trial. The testimony of an alibi witness will be rendered neither more nor less trustworthy by the mere revelation of his name to the state. The states’ interests in the evidentiary rules at issue in
 
 Chambers
 
 and
 
 Washington
 
 were surely more significant than the purely procedural interest of preventing surprise involved here in the exclusion of unlisted alibi witnesses. Since the purpose of a notice-of-alibi rule is to give the state time to prepare its rebuttal, an adequate alternative to the wholesale preclusion of unlisted alibi witnesses might be a short recess granted to the state. The court could also consider the use of its contempt power against an attorney or defendant whose conduct it felt to be deliberately obstructionist.
 
 [17]
 

 In a similar case, the United States Court of Appeals for the Fifth Circuit recently held that: “[T]he compulsory process clause of the sixth amendment forbids the exclusion of otherwise admissible evidence solely as a sanction to enforce discovery rules or orders against criminal defendants.”
 
 United States v. Davis,
 
 639 F.2d 239 (5th Cir. 1981).
 
 [18]
 
 The
 
 Davis
 
 court stated that the exclusion of relevant, probative, and otherwise admissible evidence is an extreme sanction that should be used only when justified by some overriding policy consideration. Because discovery orders are designed to prevent surprise, rather than to protect the integrity of the evidence presented, the Fifth Circuit did not find the policy consideration compelling enough to justify the exclusion of the defendant’s evidence. In the instant case, as in
 
 Davis,
 
 the policy reasons asserted by the State in support of its argument that Veal’s alibi witnesses were legitimately precluded from testifying fail to justify such a severe interference with a defendant’s sixth amendment right to compel the attendance of witnesses on his behalf. We hold, therefore, that exclusion of a defendant’s alibi witnesses as a sanction for noncompliance with a notice-of-alibi rule violates a defend
 
 *717
 
 ant’s sixth amendment right to compulsory process.
 

 This Court is not unmindful of the seriousness of the offenses for which Veal was charged and convicted — the murders of two Chicago police officers. We are also not without sympathy for the members of the victims’ families who undoubtedly will be required to relive the pain and agony of the losses of their loved ones should the State seek to try Veal again. But there is a principle of law involved in this case that transcends these personal tragedies. It concerns the integrity of the United States Constitution — which these fine police officers had worked so nobly to uphold. What distinguishes the American system of justice from many other forms of jurisprudence is that every person charged with a crime — no matter how heinous — is entitled under our Constitution to a fundamentally fair trial. Veal did not receive such a trial. Accordingly, the State’s motion for summary judgment is denied and Veal’s motion for summary judgment is granted. It is so ordered.
 

 ON MOTION FOR RECONSIDERATION
 

 On May 14, 1981, this Court granted summary judgment in favor of Johnny Veal (“Veal”) on his petition for a writ of habeas corpus following a state conviction for murder on the ground that the state court’s refusal to allow the testimony of Veal’s alibi witnesses during his trial violated his sixth and fourteenth amendment rights to present witnesses in his defense and to due process of law, respectively. This matter is presently before the Court on respondent’s motion for reconsideration of our earlier opinion and order pursuant to Fed.R.Civ.P. 59(e). Respondent contends (1) that the Court failed to give proper deference to the findings of the Illinois Appellate Court that reviewed Veal’s conviction in accordance with 28 U.S.C. § 2254(d) and the United States Supreme Court’s recent pronouncement on the “presumption of correctness” of state court factual determinations in
 
 Sumner v. Mata,
 
 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); and (2) that the Court erred in concluding that the trial court’s preclusion of Veal’s alibi witnesses violated his sixth amendment right to present a defense. After full reconsideration of the issues raised by respondent, we now reaffirm our earlier opinion and order.
 

 In
 
 Sumner v. Mata,
 
 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), the Supreme Court held that the presumption in federal habeas corpus cases, that state court factual determinations are correct unless the petitioner demonstrates that they are suspect under one or more statutorily designated circumstances contained in 28 U.S.C. § 2254(d),
 
 [1]
 
 applies equally to state
 
 *718
 
 trial and appellate court findings of fact made after a hearing on the merits. Thus, factual determinations made by both state trial and appellate courts enjoy a “presumption of correctness” in the context of a federal petition for a writ of habeas corpus brought by a state prisoner unless the petitioner establishes one of the first seven factors enumerated in § 2254(d)(l)-(7) or that the factual determination is not otherwise “fairly supported by the record” under § 2254(d)(8). Of course, the presumption of correctness has never been thought to attach to state court determinations of mixed questions of fact and law or to determinations of law as applied to the facts as found by the state court,
 
 Cuyler v. Sullivan,
 
 446 U.S. 335, 341-42, 100 S.Ct. 1708, 1714, 64 L.Ed.2d 333 (1980);
 
 Townshend v. Sain,
 
 372 U.S. 293, 309, 83 S.Ct. 745, 755, 9 L.Ed.2d 770 (1963), and nothing in
 
 Sumner v. Mata
 
 can be taken as altering this long-standing principle.
 
 See United States ex rel. Rivers v. Franzen,
 
 522 F.Supp. 443, 448 (N.D.Ill. 1981);
 
 Sher
 
 v.
 
 Stoughton,
 
 516 F.Supp. 534 (N.D.N.Y.1981);
 
 Bishop v. Parratt,
 
 509 F.Supp. 1140, 1144 (D.Neb.1981).
 

 In
 
 People
 
 v.
 
 Veal,
 
 58 Ill.App.3d 938, 977-79,16 Ill.Dec. 188, 374 N.E.2d 1152 (1st Dist. 1978), the Illinois Appellate Court held that Veal had not been prejudiced by the trial court’s exclusion of his alibi witnesses for two reasons. First, the appellate court found that the trial court had not enforced the notice-of-alibi statute in use at the time of Veal’s trial since that statute required disclosure of a list of alibi witnesses and the substance of the alibi defense at least'five days before trial. The trial court in Veal’s case indicated that it would allow the testimony of Veal’s alibi witnesses if disclosure was made before the defense began the presentation of its case-in-chief. Second, the appellate court said that, whether or not the notice-of-alibi statute had been applied, it could not conclude that Veal had been prejudiced by the trial court’s order in the absence of an offer of proof on the record which would have disclosed the identity of the proposed alibi witnesses and the substance of their testimony. Thus, the only factual determination made by the appellate court was that the trial court had not applied the Illinois notice-of-alibi statute in excluding Veal’s alibi witnesses. The remainder of the appellate court’s discussion with respect to the prejudicial effect of the trial court’s preclusion order involves questions of law or, at least, mixed questions of law and fact that are properly the subject of collateral attack in the context of a federal petition for habeas corpus relief.
 
 Cuyler v. Sullivan, supra; Townshend v. Sain, supra.
 

 [2]
 

 Although we would be inclined to hold, based on our thorough review of the trial transcript in this case, that the appellate court’s finding that the trial court did not apply the Illinois notice-of-alibi statute is not fairly supported by the record within
 
 *719
 
 the meaning of 28 U.S.C. § 2254(d), such a determination is not necessary to our conclusion that Veal’s constitutional rights were infringed by the exclusion of his alibi witnesses.
 
 [3]
 
 Rather, as we held in our earlier opinion, “whether the [trial] court applied the Illinois notice-of-alibi statute then in use or a judicially-created notice-of-alibi rule, the trial court’s exclusion of the testimony of Veal’s alibi witnesses rendered the trial fundamentally unfair and denied Veal due process of law in contravention of the fourteenth amendment.”
 
 Veal v. Wolff,
 
 429 F.Supp. 713, 720 (N.D.Ill.1981). Thus, we disagree with the Illinois Appellate Court regarding the legal effect of the exclusion of Veal’s alibi witness, even assuming the correctness of the appellate court’s factual determination regarding the technical application of the Illinois statute in Veal’s case. Regardless of whether the trial court technically applied the Illinois notice-of-alibi statute or a discovery rule of its own creation, the effect of its ruling which required disclosure of Veal’s alibi witnesses without any affirmative reciprocal requirement that the State reveal its rebuttal witnesses was the same as if the statute had been applied according to its terms. It was the forced disclosure of the alibi witnesses without any concurrent requirement that the rebuttal witnesses be disclosed that the Supreme Court in
 
 Wardius v. Oregon, supra,
 
 found to be objectionable in a constitutional sense. As the Supreme Court said, “in the absence of fair notice that he would have an opportunity to discover the State’s rebuttal witnesses, petitioner cannot be compelled to reveal his alibi defense.” 412 U.S. at 479, 93 S.Ct. at 2214.
 

 Respondent argues that, in our earlier opinion, the Court improperly assumed that the trial court would not have required that the prosecution disclose its rebuttal witnesses if Veal had disclosed his alibi witnesses in light of the trial judge’s statement that he was “going to treat the defense the same as it did the State.” Transcript at 6776. Read in context, however, the trial court’s statement only refers to disclosure of witnesses in the prosecution and defense cases-in-chief. When Veal’s counsel had argued earlier in the trial that the Illinois notice-of-alibi statute was unconstitutional precisely because it did not require disclosure of rebuttal witnesses, the trial judge did not indicate that he would require the State to disclose its rebuttal witnesses notwithstanding the fact that the Illinois statute did not contain such a requirement. Moreover, even apart from the notice-of-alibi statute, Illinois law in effect at the time of the trial required that the State furnish the defense with a list of prosecution witnesses upon request, Ill.Rev.Stat. ch. 38, § 114-9(a), while the State was specifically exempted from any requirement that it disclose its rebuttal witnesses, Ill.Rev.Stat. ch. 38, § 114-9(c). It is disingenuous at this late date to argue that the trial judge would have disregarded the notice-of-alibi statute that had guided his rulings and controlling Illinois law at the time and that he would (or might) have required disclosure of rebuttal witnesses. A similar argument was rejected by the Supreme Court in
 
 Wardius v. Oregon,
 
 412 U.S. at 478-79, 93 S.Ct. at
 
 *720
 
 2214 (“the State cannot constitutionally force compliance with its scheme on the basis of a totally unsubstantiated possibility that the statute might be read in a manner contrary to its plain language”).
 

 The Illinois Appellate Court also erred, as a matter of law, in holding that it could not assess the prejudicial effect of the exclusion of Veal’s alibi witnesses in the absence of an offer of proof at trial. In
 
 AHison v. Gray,
 
 603 F.2d 633 (7th Cir. 1979), the court stated that it could not conclude that the exclusion of Allison’s alibi witnesses was harmless error beyond a reasonable doubt precisely because there was no evidence in the record as to the identity of the alibi witnesses or the nature of their testimony. As in
 
 Allison,
 
 the evidence of Veal’s guilt was not so overwhelming “that no conceivable alibi evidence could overcome it.”
 
 Allison v. Gray, supra,
 
 603 F.2d at 635. See
 
 also United States ex rel. Hairston v. Warden,
 
 597 F.2d 604 (7th Cir. 1979).
 

 In sum, even giving proper deference to the factual determination of the Illinois Appellate Court, we conclude that the exclusion of Veal’s alibi witnesses rendered his trial fundamentally unfair and such error cannot be said to be harmless beyond a reasonable doubt.
 

 The second ground urged by the respondent in support of his motion for reconsideration is that this Court did not properly balance Veal’s sixth amendment right to call witnesses in his behalf against the State’s legitimate interest in enforcing its discovery rules so as to prevent surprise to the prosecution and ensure the integrity of the trial process. It is well established that the sixth amendment guarantees a criminal defendant the right to call witnesses in his or her behalf.
 
 Chambers v. Mississippi,
 
 410 U.S. 284, 294, 93 S.Ct. 1038,1045, 35 L.Ed.2d 297 (1973);
 
 Washington v. Texas,
 
 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 109 (1967). It is equally clear that such right is not absolute. Rather, in appropriate cases, the defendant’s right must “bow to accommodate other legitimate interests in the criminal trial process. But its denial or significant diminution calls into question the ultimate ‘integrity of the factfinding process’ and requires that the competing interests be closely examined.”
 
 Chambers v. Mississippi, supra,
 
 410 U.S. at 295, 93 S.Ct. at 1045;
 
 McMorris v. Israel,
 
 643 F.2d 458, 461 (7th Cir. 1981);
 
 United States v. Davis,
 
 639 F.2d 239, 243 (5th Cir. 1981).
 
 [4]
 

 In the instant case, respondent attempts to justify the trial court’s order that prevented Veal’s alibi witnesses from giving their testimony on the ground that the exclusion of the witnesses was necessary to prevent unfair surprise with respect to the identity of the witnesses and the substance of their testimony. Respondent argues that “[i]n order to have effective discovery on both sides, preclusion of witnesses not disclosed at any time prior to their being called to the stand is vital.” Motion to Reconsider at 5. “Moreover,” respondent argues, “without disclosure of witnesses’ identities prior to their giving testimony, effective cross-examination is not possible... . Without discovery of a witness pri- or to his testifying, cross-examination of a witness is severely limited and perhaps rendered meaningless.” Motion to Reconsider at 5-6. The trial court’s order in the instant case, however, would have served none of the purposes respondent would have us ascribe to it. The trial court was willing to allow the testimony of Veal’s alibi witnesses if their names were disclosed at the beginning of the defense case. The time lapse between the disclosure of the names of the alibi witnesses and their ascent to the witness stand thus was exceedingly short and, in any event, it presumably
 
 *721
 
 would not have afforded the State enough time to conduct the discovery contemplated by respondent.
 
 [5]
 
 The Illinois Appellate Court apparently acknowledged this fact in stating that “[therefore, the use to which the State could have put the information sought to be discovered was effectively can-celled by the [trial] court permitting the disclosure to be made as late as the moment before the first alibi witness was to be called.”
 
 People v. Veal,
 
 58 Ill.App.3d at 978, 16 Ill.Dec. 188, 374 N.E.2d 1152. Accordingly, the trial court’s enforcement of its discovery order through the exclusion of Veal’s alibi witnesses had modest impact upon the State’s interest in preventing surprise and a substantial impact upon Veal’s right to present witnesses in his defense.
 

 As the court said in
 
 United States v. Davis, supra,
 
 “the exclusion of relevant, probative, and otherwise admissible evidence is an extreme sanction that should be used only when justified by ‘some overriding policy consideration.’ ” 639 F.2d at 243, quoting
 
 Braswell v. Wainwright,
 
 463 F.2d 1148, 1156 (5th Cir. 1972). While a criminal defendant’s sixth amendment rights must bow to accommodate legitimate state interests, no such interest has been shown to exist in the context of this case so as to limit Veal’s right to call witnesses in his defense. As in
 
 Davis
 
 and
 
 McMorris v. Israel, supra,
 
 the discovery sanction applied by the trial court in Veal’s case arbitrarily denied the defendant his sixth amendment right without any concomitant furtherance of a legitimate state interest.
 

 Accordingly, for the reasons set forth above, this Court reaffirms its earlier opinion in this matter. Respondent’s motion for reconsideration is therefore denied to the extent it seeks any modification of our earlier opinion and order. It is so ordered.
 

 [1]
 

 . Veal’s original petition named Dennis Wolff, Warden of the Joliet Correctional Center, and William J. Scott, Attorney General of the State of Illinois, as respondents. In an earlier opinion and order,
 
 Veal v. Wolff,
 
 No. 80 C 0128 (N.D.Ill., Dec. 23, 1980), this Court dismissed Scott as a respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases and on its own motion substituted Richard DeRobertis, the Warden of Stateville Correctional Center, where petitioner is presently incarcerated, for respondent Wolff.
 
 See United States ex rel. Gray v. New York State Board of Parole,
 
 416 F.Supp. 823, 824 (S.D.N.Y.1976). In that opinion, this Court also held that petitioner had exhausted his available state court remedies in accordance with 28 U.S.C. § 2254(b).
 

 [2]
 

 . Veal also charged that the prosecutor made improper remarks to the jury in his closing argument regarding the credibility of two of the State’s witnesses. In our earlier opinion, we held that this allegation was too conclusory to withstand a motion to dismiss. Veal v.
 
 Wolff,
 
 No. 80 C 0128 (N.D.Ill., Dec. 23, 1980). Although Veal was given leave to amend his petition so as to state this claim with more specificity, as of the date of this opinion he has chosen not to do so.
 

 [3]
 

 . Respondents previously moved to dismiss the petition for failure to state a claim upon which
 
 *709
 
 relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56. Because neither party filed the trial record, the motion was treated as a motion to dismiss under Rule 12(b)(6), and was denied as to all but one of Veal’s allegations. See note 2,
 
 supra.
 
 Petitioner was directed to file a copy of the trial transcript, totalling over 14,000 pages, and both sides were directed to file motions for summary judgment, with supporting memoranda directed to the following issues as framed by the Court:
 

 1) Whether the procedure employed by the trial judge in this case in excluding petitioner’s alibi witnesses, although not technically an application of the notice of alibi statute, nevertheless implicates some of the concerns regarding the fundamental unfairness of nonreciprocal discovery involved in
 
 Wardius v. Oregon,
 
 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973).
 
 See also Allison v. Gray,
 
 603 F.2d 633 (7th Cir. 1979).
 

 2) Whether the procedure employed by the trial judge in this case in excluding petitioner’s alibi witnesses implicates petitioner’s sixth amendment right to compel the attendance of witnesses in his favor.
 
 Wardius v. Oregon, supra,
 
 412 U.S. at 472 n.4, 93 S.Ct. at 2211;
 
 Williams v. Florida,
 
 399 U.S. 78, 83 n.14, 90 S.Ct. 1893, 1897 n.14, 26 L.Ed.2d 446 (1970);
 
 Allison v. Gray, supra,
 
 603 F.2d at 634 n.1;
 
 United States v. Barron,
 
 575 F.2d 752, 757 n.5 (9th Cir. 1978).
 

 3) Whether the alleged failure to disclose juvenile charges pending at the time of the trial against Jake and Jerry Davis violated the standards for disclosure consistent with due process considerations articulated by the Supreme Court in
 
 Brady v. Maryland,
 
 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and
 
 United States v. Agurs,
 
 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).
 

 4) Whether the alleged failure to correct perjured testimony denied petitioner his right to due process of law guaranteed by the fourteenth amendment.
 
 United States ex rel. Curtis v. Illinois,
 
 423 U.S. 1023, 96 S.Ct. 465, 46 L.Ed.2d 397 (1975);
 
 United States ex rel. Burnett
 
 v.
 
 Illinois,
 
 619 F.2d 668, 674 (7th Cir. 1980).
 

 5) Whether the State’s submission of allegedly exculpatory evidence to the trial judge for an
 
 in camera
 
 inspection, and the judge’s subsequent release of only portions of this material to the petitioner, violated petitioner’s due process right to disclosure recognized in
 
 Brady v. Maryland, supra.
 

 6) Whether the trial judge’s refusal to testify or recuse himself at the post-trial hearing deprived petitioner of his sixth amendment right to confront and cross-examine witnesses or violated his fourteenth amendment right to a fair and impartial trial.
 
 See, e.g., Tyler v. Swenson,
 
 427 F.2d 412 (8th Cir. 1970).
 

 [4]
 

 . Clifford Knights was found guilty along with Veal. He, too, exhausted his state court remedies and petitioned for a writ of habeas corpus. His petition was recently denied by Judge Crowley.
 
 United States ex rel. Knights v. Fair-man,
 
 No. 80 C 409 (N.D.lll., Feb. 25, 1981). However, that decision has no impact on the instant case, as the grounds alleged by Knights in his petition did not include the preclusion of testimony of alibi witnesses.
 

 It should also be noted that this ruling is not in any manner to be construed as criticism of the state judge and Assistant State’s Attorneys who tried this case. As this opinion documents, only subsequent to the state proceedings did the reviewing courts proscribe the trial conduct which precluded the presentation of Veal’s alibi defense. These rulings have been made retroactive and are controlling at this time.
 

 [5]
 

 . Veal was represented at trial by Mr. Sam Adam, who also represents Veal in this habeas corpus proceeding.
 

 [6]
 

 .
 
 Ill.Rev.Stat.
 
 ch. 38 § 114-14 (1969) provided as follows:
 

 Upon the request of the prosecuting attorney, filed and served upon a defendant not less than 10 days before the trial of such cause, whenever a defendant charged with an offense prohibited by Articles 8 through 33, inclusive, of the “Criminal Code of 1961”
 
 [1]
 
 proposes to offer in hi's defense, testimony of witness other than himself to establish an alibi, such defendants shall, not less than 5 days before the trial of such cause, file and serve upon the prosecuting attorney a notice in writing of his intention to assert such alibi, which notice shall include specific information as to the place where the accused maintains he was at the time of the alleged offense and the names and addresses of the witnesses whom the defendant intends to call to establish such alibi defense. If the defendant intends to offer an alibi by his own testimony he shall, not less than 2 days before the trial of such cause, file and serve upon the prosecuting attorney a notice in writing of his intention to assert such alibi, which notice shall include specific information as to the place where the accused maintains he was at the time of the alleged offense. The defendant shall not be permitted to introduce evidence inconsistent with such notice unless the defendant establishes to the satisfaction of the court that witnesses to be called and not named in the notice were not known at the time such notice was filed or the court for other good cause permits the notice be amended. In the event of the failure of a defendant to file written notice as required in this Section, the court may exclude evidence offered by the defendant for the purpose of proving an alibi, if it appears to the court that such evidence takes the State by surprise.
 

 * * * * *
 
 *
 

 [7]
 

 . In Wardius’ criminal trial for unlawful sale of narcotics, the evidence presented by the defendant’s alibi witness was stricken because of the defendant’s failure to comply with the Oregon notice-of-alibi statute. The defendant was also precluded from testifying that he was with his alibi witness at a movie at the time of the alleged crime.
 

 [8]
 

 . The petitioner in
 
 Williams
 
 also alleged that Florida’s notice-of-alibi statute, which provided for reciprocal discovery by the defendant against the State, compelled him to be a witness against himself, contrary to the commands of the fifth and fourteenth amendments. The Court held that it. did not.
 
 Williams, supra,
 
 399 U.S. at 82-83, 90 S.Ct. at 1896.
 

 [9]
 

 . The State also cites Illinois Supreme Court Rule 4I5(g)(i), IlI.Rev.Stat. ch. I10A § 415(g)(i), as authority for the proposition that exclusion of witnesses for failure to comply with discovery rules is within the discretion of the trial court, and therefore does not constitute reversible error. However, the Illinois Supreme Court Rule cited by the State did not become effective until October 1, 1971, after Veal’s trial had ended and it clearly was not invoked by the trial court. The constitutionality of the state Supreme Court rule is not before this Court at this time.
 

 [10]
 

 . Other comments to this effect occur at pages 6945, 7581 -82 of the trial transcript.
 

 [11]
 

 . See note 6,
 
 supra.
 
 The statute required that the defendant provide the prosecuting attorney with the requested alibi information “not less than 5 days
 
 before
 
 the trial. . . . ” (emphasis added). The trial judge in Veal’s case gave him another chance to provide the alibi information before the defense began its case.
 

 [12]
 

 . This Court can only assume that if the trial judge was applying an alibi rule of his own creation, it, like the Illinois statute, was non-reciprocal. There is no evidence in the.record to indicate otherwise.
 

 [13]
 

 . - The petitioner in
 
 Hairston
 
 had not attempted to offer an alibi defense at his trial for murder, because petitioner’s counsel believed that the trial judge’s ruling in a pretrial proceeding in which he unsuccessfully challenged the constitutionality of the Illinois notice-of-alibi statute indicated that an alibi defense would not be permitted without compliance with the statute. The Seventh Circuit found that
 
 Wardius
 
 applied even though the petitioner had not actually offered an alibi defense at trial and had it excluded.
 

 [14]
 

 . The Seventh Circuit in
 
 Aliison
 
 stated:
 

 The harmless error test to be applied to violations of federal constitutional right is well settled. To hold such error harmless, the court must find it “harmless beyond a reasonable doubt.”
 
 Chapman v. California,
 
 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). The question is “whether there is a
 
 *714
 
 reasonable possibility” that the error affected the jury’s verdict.
 
 Id.
 
 In answering this question, the court must assess the “probable impact of the [error] on the minds of an average jury.”
 
 Harrington v. California,
 
 395 U.S. 250, 254, 89 S.Ct. 1726, 1728, 23 L.Ed.2d 284 (1969).
 

 There are two fundamental difficulties with the analysis made by the Wisconsin court and adopted by the district court. First, both courts stated that “the existence of a notice of alibi statute without reciprocal discovery does not affect the totality of the fact finding process and does not render the accuracy of the verdict suspect.”
 
 Allison v. State, supra,
 
 62 Wis.2d [14] at 29, 214 N.W.2d [437] at 445. This statement improperly focuses the harmless error inquiry on the statute itself. It was the application of the unconstitutional statute to exclude alibi evidence which affected Allison’s rights. As we have recently held, such exclusion of alibi evidence under an unconstitutional notice of alibi statute does undermine the fact finding process.
 
 United States ex rel. Hairston v. Warden,
 
 597 F.2d 604, 609 (7th Cir. 1979).
 

 The second difficulty is that in applying the harmless error test to Allison’s case, the Wisconsin court simply reviewed the prosecution evidence against Allison, and, while noting some weaknesses in the evidence, found it “overwhelming.” The court made no attempt to assess the probable impact of the exclusion of Allison’s alibi on the jury.
 

 * s(« * * * *
 

 Applying the proper harmless, error test to the facts of this case, we are unable to conclude that the complete exclusion of any alibi evidence by Allison or on his behalf was harmless beyond a reasonable doubt. The primary obstacle to such a conclusion is that nowhere in the record before us or in the Wisconsin court’s opinion, is there any indication of what alibi evidence Allison wished to introduce. Nor is there any indication of who Allison’s other alibi witness is or what her relationship to Allison was, if any. We cannot see how the probable impact of the exclusion of Allison’s alibi could be assessed without knowing something about its nature.
 

 Allison, supra,
 
 603 F.2d at 634-35.
 

 [15]
 

 . For example, no witnesses testified at Veal’s trial that they saw him shoot either of the police officers. In
 
 Allison,
 
 however, the victim identified Allison as the perpetrator of the crime. Nevertheless, the Seventh Circuit in
 
 Allison
 
 held that because there was nothing in the record to indicate that Allison’s alibi evidence would not have been compelling, the state had not shown the error to be harmless beyond a reasonable doubt.
 
 Allison, supra,
 
 603 F.2d at 635.
 

 [16]
 

 . In
 
 Allison,
 
 the court noted that it was not deciding the validity of the notice-of-alibi sanction applied in that case, and characterized it as “the question whether the preclusion of alibi testimony by both the defendant himself and other alibi witnesses, as a sanction for failure to provide the required notice of alibi, violated due process.
 
 See Wardius v. Oregon,
 
 412 U.S. 470, 472 n.4, 93 S.Ct. 2208, 2211 n.4, 37 L.Ed.2d 82 (1973);
 
 Williams v. Florida,
 
 399 U.S. 78, 83 n.14, 90 S.Ct. 1893, 1897 n.14, 26 L.Ed.2d 446 (1970).”
 
 Allison, supra,
 
 603 F.2d at 634 n.1. The court in
 
 Allison
 
 was apparently speaking of a violation of due process in the sense that a sixth amendment violation by the state offends due process principles under the rationale of
 
 Washington v. Texas,
 
 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 109 (1967).
 

 [17]
 

 . In the instant case, Veal’s counsel refused to tender the names of his four alibi witnesses to the prosecution on the ground that the “police officers in this case have engaged in a reign of terror on prospective witnesses,” Transcript at 6761, and that disclosure of their names to the state’s attorney or the police department “would endanger their welfare.” Transcript at 6762. The trial transcript in this case, which funs to over 14,000 pages, is replete with acri.monious interruptions and accusations among defense counsel and the prosecutors, which are indicative of the highly-charged nature of the proceedings in which Veal and his co-defendant were tried for the murders of two Chicago police officers at the Cabrini-Green housing project on Chicago’s North Side. In such a situation, methods other than the total preclusion of the testimony of alibi witnesses can and must be developed to ensure that reasonable fears of the witnesses are alleviated while at the same time assuring reciprocal discovery of relevant, probative evidence to both sides.
 

 [18]
 

 . In
 
 Davis,
 
 the defendants were convicted of conspiring to possess with intent to distribute and possession with intent to distribute marijuana in a federal district court trial. The trial court excluded two of the defendant’s witnesses who would have testified that the reputation of an important government witness for truth and veracity was poor. The court excluded these witnesses on the grounds that the witnesses were not on the witness list provided to the government pursuant to the court’s pretrial discovery order and that the testimony of these witnesses would be merely cumulative and impeaching. The Federal Rules of Criminal Procedure expressly provide for exclusion of evidence as a sanction against a party for failure to comply with a rule governing pretrial discovery. Fed.R.Crim.P. 16(d)(2). Notwithstanding the express provision in the rules, the Fifth Circuit held the sanction to be an impermissible infringement of a criminal defendant’s sixth amendment rights.
 

 [1]
 

 . 28 U.S.C. § 2254(d) provides:
 

 (d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—
 

 (1) that the merits of the factual dispute were not resolved in the State court hearing;
 

 (2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
 

 (3) that the material facts were not adequately developed at the State court hearing;
 

 (4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;
 

 (5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;
 

 (6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or
 

 (7) that the applicant was otherwise denied due process of law in the State court proceeding;
 

 (8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:
 

 
 *718
 
 And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.
 

 [2]
 

 .
 
 See also Sumner v. Mata,
 
 449 U.S. at 544, 101 S.Ct. at 767, in which the Supreme Court noted that:
 

 It has long been established, as to those constitutional issues which may properly be raised under § 2254, that even a single federal judge may overturn the judgment of the highest court of a state insofar as it deals with the application of the United States Constitution or laws to the facts in question. As might be imagined, this result was not easily arrived at under the Habeas Corpus Act of 1867, the predecessor to 28 U.S.C. §§ 2254. But the present doctrine, adumbrated in the Court’s opinion in
 
 Moore v. Dempsey,
 
 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543 (1923), and culminating in this Court’s opinion in
 
 Fay v. Noia,
 
 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), is that the Act of 1867 allows such collateral attack.
 

 [3]
 

 . As a practical matter, our review of the trial transcript indicates that the notice-of-alibi statute guided the trial court and counsel in their discussions regarding the testimony of the alibi witnesses, although the court did not adhere to the time limitations contained in the statute itself. At various times, the trial judge as well as the assistant state’s attorneys prosecuting the case referred to the exclusion of the alibi witnesses as being based upon Veal’s noncompliance with the notice-of-alibi statute.
 
 See Veal v. Wolff,
 
 429 F.Supp. 713, 718-719 (N.D. 111.1981). Neither the trial judge nor trial counsel suggested the argument, now advanced by the respondent, that the trial court’s willingness to let the alibi witnesses testify if their names were revealed by the defense prior to their taking the witness stand somehow brought the situation outside the scope of the Illinois statute. For the reasons set forth at pages 718 and 719 of our earlier opinion,
 
 supra,
 
 we would thus be inclined to hold that the Illinois Appellate Court’s conclusion that the trial court did not apply the notice-of-alibi statute “is not fairly supported by the record.” 28 U.S.C. § 2254(d) (8). As discussed in the text, however, such a determination is not necessary to our conclusion that Veal’s constitutional rights had been violated.
 

 [4]
 

 . Although respondent attempts to distinguish
 
 United States v. Davis, supra,
 
 from the case at bar, we think that
 
 Davis
 
 is directly applicable to this case despite the slightly different context in which the question was presented in that case. The Fifth Circuit was unequivocal in holding that there is “no justification for the exclusion of defense evidence solely as a sanction for the failure of a criminal defendant to comply with a discovery rule or order.” 639 F.2d at 243.
 

 [5]
 

 . Of course, the State could have sought a short recess during which to conduct some limited discovery and prepare its rebuttal after the disclosure of the alibi witnesses and before the defense began the presentation of its case. But a short recess could also have been requested for this purpose after the alibi witnesses testified. The trial court also might have considered the use of its contempt power against an attorney or defendant whose conduct it felt to be deliberately obstructionist in lieu of opting for the extreme sanction: the total exclusion of the alibi evidence.
 
 See Veal v. Wolff,
 
 429 F.Supp. 713, 722 (N.D.I11.1981).