UNITED STATES of America ex rel. Clifford KNIGHT, Petitioner,

v.

Dennis WOLFF, Warden, and William G. Scott, Attorney General of Illinois, Respondent.

No. 80 C 0409.

United States District Court, N. D. Illinois, E. D.

Nov. 20, 1981.

Jeffrey B. Steinback, Chicago, Ill., for petitioner.

Orisha Kulick, Asst. Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner Clifford Knight and co-defendant Johnny Veal were tried by a jury sitting in the Circuit Court of Cook County, Illinois, for the murders of two Chicago police officers in July, 1970. They were found guilty, sentenced to concurrent terms

148

of 100 to 199 years, respectively, and their convictions were affirmed by the Illinois Appellate Court in *People v. Veal*, 58 Ill. App.3d 938, 16 Ill.Dec. 188, 374 N.E.2d 963 (1st Dist. 1978). The Illinois Supreme Court denied leave to appeal, and the United States Supreme Court denied the application for a writ of certiorari, *Veal v. Illinois*, 441 U.S. 908, 99 S.Ct. 2001, 60 L.Ed.2d 378 (1979). Knight and Veal then filed separate petitions for writs of habeas corpus in the United States District Court for the Northern District of Illinois.

Veal's petition (No. 80 C 0128) was assigned to this Court, and Knight's petition (No. 80 C 0409) was assigned to Judge John Powers Crowley. On February 25, 1981, Judge Crowley denied Knight's petition in an opinion which thoroughly dealt with each of the three arguments advanced by Knight in support of his petition for a writ of habeas corpus. Knight immediately filed a motion to vacate Judge Crowley's dismissal of his petition or, in the alternative, to stay the order pending the resolution of the issues raised in Veal's petition then pending before this Court. Judge Crowley took Knight's motion under advisement. On May 14, 1981, this Court granted summary judgment in favor of Veal on the ground that the state court's refusal to allow the testimony of Veal's alibi witnesses during his trial violated his sixth and fourteenth amendment rights to present witnesses in his behalf and to due process of law.

After Judge Crowley's resignation from the federal bench in June, 1981, Knight's case was re-assigned to this Court. This matter is now before the Court on Knight's motion to vacate Judge Crowley's memorandum opinion and order dated February 25, 1981, in light of this Court's grant of summary judgment in favor of Veal on May 14, 1981.

The short response, indeed the only response, to Knight's motion is that the ground upon which this Court granted summary judgment in Veal's favor was not raised in Knight's petition for habeas corpus relief before Judge Crowley. Knight raised three arguments in support of his habeas petition: that the prosecutor failed to disclose juvenile charges that were pending against two key state witnesses; that the prosecutor suppressed other evidence favorable to the defense; and that the judge's conduct rendered the trial fundamentally unfair. Judge Crowley resolved each of these issues against Knight in the course of a thorough seven-page memorandum opinion and order. Knight failed to raise the issue upon which Veal ultimately prevailed, namely, that the state court's refusal to allow the testimony of Veal's alibi witnesses violated his sixth and fourteenth amendment rights. Indeed, Knight could not have raised this issue since he apparently was able to put on his defense through occurrence witnesses while Veal did not put on any defense at all.

Accordingly, Knight's motion to vacate or correct Judge Crowley's opinion is denied. It is so ordered.