UNITED STATES of America, ex rel.
Johnny VEAL, Plaintiff,

v.

Richard DeROBERTIS, Warden,
Defendant.

No. 80 C 0128.

United States District Court,
N.D. Illinois, E.D.

March 29, 1984.

Sam Adam, Chicago, Ill., for plaintiff.

Kenneth A. Fedinets, Asst. Atty. Gen. Crim. Justice Div., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Johnny Veal ("Veal") was convicted in Illinois state court for the July 17, 1970 murders of two Chicago police officers. Veal petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254(a), alleging several violations of his constitutional rights. We found that Veal was entitled to habeas relief because the state trial court's refusal to allow Veal's alibi witnesses to testify violated his Sixth and Fourteenth Amendment rights. *United States ex rel. Veal v. Wolff,* 529 F.Supp. 713, 715 (N.D.Ill.1981).

On appeal, the Seventh Circuit agreed that Veal's constitutional rights were violated when he was prevented from presenting alibi witnesses at his trial. *United States ex rel. Veal v. DeRobertis,* 693 F.2d 642, 647 (7th Cir.1982). However, the Court of Appeals reversed the grant of the writ on the ground that Veal's failure to make an adequate offer of proof as to these witnesses constituted a procedural default which would bar habeas relief absent a showing of cause and prejudice under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *Veal,* 693 F.2d at 649–50. The Court of Appeals remanded the case to this Court with directions that an evidentiary hearing be held to determine whether Veal satisfies the "cause and prejudice" standard. *Id.* at 650.

We referred the case to United States Magistrate Olga Jurco to conduct the evidentiary hearing and to file a report and recommendation with this Court, pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 53(c). The Magistrate conducted the hearing and made her report, and Veal has filed objections to some of her findings and recommendations. Upon review, this Court must make a *de novo* determination of those portions of the report to which Veal objects. The Court may accept, reject or modify, in whole or in part, the Magistrate's recommendations. 28 U.S.C.

§ 636(b)(1); *Pope v. Harris*, 508 F.Supp. 773, 775 (S.D.Ohio 1981).

For the reasons set forth below, after a careful review of the transcripts of the evidentiary hearing before the Magistrate, the Magistrate's report, Veal's objections, the briefs of the parties and other pertinent materials, we overrule Veal's objections and adopt the Magistrate's recommendations. Accordingly, Veal's motion for summary judgment is denied, and the defendant's motion for summary judgment is granted.

## I. *Prejudice*

The Seventh Circuit specified the scope of the evidentiary hearing to be held in this case:

> With respect to the prejudice element, there can be no serious dispute that exclusion of these witnesses, if they in fact existed, resulted in substantial prejudice to Veal.... The crux of this issue is whether these witnesses existed.... In the hearing to take place below, to satisfy the prejudice requirement under *Sykes* and *Isaac*, [*Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)] Veal will need to show by a preponderance of the evidence that these witnesses did exist and were available at the time of his trial.

*Veal*, 693 F.2d at 650.

The Magistrate found that the witnesses did exist, although her finding "hangs on the slender thread of credibility." Magistrate's Report at 7. The only evidence Veal submitted to prove the existence and availability of the witnesses was the testimony of his trial attorney, Sam Adam ("Adam"). No other evidence corroborates Adam's testimony; in particular, Veal failed to produce the witnesses themselves, the witnesses' names and addresses, written statements purportedly taken from the witnesses at the time of Veal's trial or the testimony of anyone else who met with these witnesses. Although the Magistrate thought it reasonable to infer that no wit-

nesses existed, she found Adam's testimony sufficient to overcome this inference. In light of the Magistrate's consideration of the circumstances preventing corroboration of Adam's testimony, as well as the Magistrate's ability to evaluate Adam's credibility, we adopt her finding that the alibi witnesses existed and were available at the time of his trial. *See United States v. Marshall*, 609 F.2d 152, 155 (5th Cir. 1980) (district judge can rarely resolve credibility choices contrary to magistrate's recommendations without hearing the witnesses testify).

## II. *Cause*

To obtain habeas relief, Veal must also demonstrate good cause for his failure to make an adequate offer of proof when the trial judge excluded Veal's alibi witnesses.[1] As the Court of Appeals explained,

> With respect to the cause element, Veal has maintained throughout the proceedings that the safety of the alleged witnesses was the reason for nondisclosure. The reasonableness of that concern and the availability of alternate measures of achieving witness safety are not readily discernible from the record. At oral argument, Veal asserted that the case was marred by police harassment of witnesses. The record does not fully substantiate this charge but that is not to say it is not true.

*Veal*, 693 F.2d at 650. The Magistrate determined that Veal did not show good cause, because the concern for the witnesses' safety was unreasonable and because Veal's counsel did not attempt, or even consider, alternative means of presenting the testimony of the witnesses without risking their safety. Veal objects to both findings.

Veal first contends that his counsel's concern for the safety of the alibi witnesses was reasonable. Both Adam and the witnesses were aware of the tension and hostility between the Chicago police force

---

1. Veal asserts that he was not required to make an offer of proof at his trial. However, the Seventh Circuit rejected this same argument, so

we need not address it here. *Veal*, 693 F.2d at 647.

and the black community, stemming from various clashes between the two groups and exacerbated by the slaying of the police officers, the offenses with which Veal was charged. One of the state's witnesses, Jake Davis, testified that he was slapped by a police officer on July 18, 1970, the day after the officers were slain, and that he heard police officers threatening others on the same day. Two additional witnesses, sisters of Veal's codefendant, described other instances of police harassment during the intense manhunt which immediately followed the murder of the police officers.

This evidence did not convince the Magistrate that Adam's fear of police retaliation was reasonable. First, the trial took place one year after the police officers were killed, and there was no showing that the alibi witnesses were likely to suffer reprisals by the police at that later date. All the instances of harassment by the police occurred on the day of the murders or shortly thereafter. Second, other members of the witnesses' community appeared and testified for both Veal's codefendant and the state, apparently without suffering any police retaliation. Veal argues that these facts are irrelevant, and that it was reasonable to fear that the alibi witnesses still were not safe. Nevertheless, we agree with the Magistrate that Veal has failed to articulate any reasonable basis for the concern for the witnesses' safety at the time of Veal's trial.

Veal also argues that no alternative means of protecting the witnesses were available. We disagree. The Magistrate discusses in her report several steps which Adam might have taken, but did not, which would have served the interests of both the witnesses and Veal. After the trial court refused to allow the witnesses to testify because of noncompliance with the notice-of-alibi statute, Adam failed to contact the witnesses again to explore with them any other methods by which their testimony could be given. Adam did not subpoena the witnesses or request the trial judge to call them as court's witnesses. He did not seek protection for the witnesses from any governmental or community group, and he

did not publicly disclose his concerns to the news media. Perhaps most importantly, Adam did not submit the witnesses' written statements, or any other information about them or what they would testify to in the trial, to the judge *in camera*.

Veal argues that no evidence was produced at the hearing before Magistrate Jurco which demonstrated that these alternatives existed at the time of his trial and could have been pursued. This may or may not be true regarding some alternatives, such as seeking protection from the FBI or the Cook County Public Defender, but it is not a sufficient explanation for Adam's failure to provide the trial judge with information about the witnesses *in camera*. Indeed, Adam has testified that he considered few, if any, of the alternatives—and he promptly rejected any that he considered. Like the Court of Appeals, we "cannot understand his exaggerated response in failing to even consider reasonable alternative actions which would have protected [the witnesses] while at the same time supplying the court with important and necessary information." *Veal*, 693 F.2d at 651. We thus adopt the Magistrate's findings that some alternative measures of protecting the witnesses did exist and that Veal has not shown good cause for failing to make an adequate offer of proof at his trial. Accordingly, Veal is not entitled to habeas relief on the basis of the trial court's exclusion of his alibi witnesses.

### III. *Other Bases for Habeas Relief*

In his habeas corpus petition, Veal asserted four grounds for relief which survived a motion to dismiss. *Veal*, 529 F.Supp. 714–15 and n. 3. In addition to the exclusion of his alibi witnesses, Veal challenged: (1) the prosecutor's nondisclosure of the fact that juvenile charges were pending against two state witnesses and his failure to correct the perjured testimony of one of these witnesses on this point at trial; (2) prosecutorial suppression of evidence favorable to Veal; and (3) prejudicial conduct on the part of the trial judge, who declined to recuse himself and testify at

**22**

the post-trial hearing regarding an *in camera* and partially recorded discussion he had with one of the state's witnesses. Because we held that the exclusion of Veal's alibi witnesses entitled him to habeas relief, we did not address these other grounds in our May 14, 1981 opinion. *Id.* at 715.

All three of these issues were considered by another judge in this district in ruling on the habeas corpus petition filed by Veal's codefendant, George Clifford Knights. In a memorandum opinion and order dated February 25, 1981, Judge John Powers Crowley thoroughly dealt with each of the arguments and denied Knights' petition for habeas relief. *United States ex rel. Knights v. Fairman,* No. 80 C 409 (N.D.Ill. Feb. 25, 1981). After Judge Crowley resigned from the federal bench in June of 1981, Knights' case was assigned to this Court. We denied Knights' motion to vacate or correct Judge Crowley's opinion in *United States ex rel. Knight v. Wolff,* 529 F.Supp. 147 (N.D.Ill.1981), *aff'd,* 713 F.2d 240 (7th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 504, 78 L.Ed.2d 695 (1983). We agreed with Judge Crowley's analysis of the common arguments raised by Veal and Knights. His holdings in Knights' case are equally applicable to Veal. Thus, none of the grounds asserted by Veal entitle him to habeas relief.

Accordingly, Veal's motion for summary judgment is denied, and the defendant's motion for summary judgment is granted. It is so ordered.