Johnnie VEAL, Petitioner,

v.

Keith COOPER, Respondent.

No. 95 C 7270.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 26, 1996.

Johnnie Veal, Lincoln, IL, pro se.

Bridget Linda Field, Illinois Attorney General's Office, Chicago, IL, for Keith Cooper.

*MEMORANDUM OPINION
AND ORDER*

ASPEN, Chief Judge:

Johnnie Veal brings this petition—his third—for a writ of habeas corpus, 28 U.S.C. § 2254, arguing that ineffective assistance of

counsel justifies vacating his 1971 murder convictions. Veal is currently serving concurrent one hundred-year minimum imprisonment terms in Illinois state prison. For the reasons set forth below, we dismiss the petition because of the delay in filing, and we alternatively would deny the petition on its merits.

## I. Background

We assume familiarity with the three prior published decisions dealing with Veal's first habeas petition,[1] and thus briefly explain only those facts pertinent to the instant petition. In 1971, Veal was convicted of murdering two Chicago police officers who were shot on July 17, 1970 at the Cabrini–Green public housing project. After the convictions were affirmed by the Illinois Appellate Court, Veal unsuccessfully petitioned to the Illinois Supreme Court for leave to appeal.

In 1980, Veal filed his first federal habeas petition. We granted habeas relief because the state trial court had refused to permit the petitioner's alibi witnesses to testify, a violation of the Sixth and Fourteenth Amendments. *Veal I*, 529 F.Supp. at 720, 722–23. The Court of Appeals agreed that the state court's preclusion of alibi witnesses violated due process. *Veal*, 693 F.2d at 647. The Seventh Circuit, however, reversed the grant of the writ because Veal procedurally defaulted the preclusion by failing to make an adequate offer of proof regarding the witnesses. *Id.* at 647–50. The Court of Appeals remanded for an evidentiary hearing to determine whether the petitioner could show "cause" for the default and "prejudice" resulting from the state court error. *Id.* at 650.

On remand, we referred the evidentiary hearing to a magistrate judge for a report and recommendation. The magistrate judge found that Veal had failed to show cause for the procedural default. Resp.'s Answer, Ex.

G (Magistrate Opinion). We adopted the recommendations after a *de novo* determination of Veal's objections, and rejected the petitioner's other arguments in support of habeas relief. In 1985, the Seventh Circuit affirmed in an unpublished order. Resp.'s Answer, Ex. H.

In 1992, Veal filed a second habeas petition. The petitioner maintained that, because he had been denied annual parole board hearings prior to 1992, the board would be prejudiced against him in all future parole hearings. Petition, Docket Entry 1 (No. 92 C 7934) (Dec. 15, 1992) (attached as Resp.'s Answer, Ex. J). After a review of the second petition, we dismissed it pursuant to Rule 4 of the Rules Governing § 2254 Cases because Veal's conclusory allegations were entirely speculative. Minute Order, Docket Entry 6 (No. 92 C 7934) (Dec. 15, 1992) (attached as Resp.'s Answer, Ex. K). Veal never appealed.

■ In December 1995, Veal filed the instant petition. In the petition, Veal argues that his trial counsel "failed to subpoena and secure several alibi witnesses on behalf of the defendant," thus rendering ineffective assistance of counsel. Pet. at 6, 12. Additionally, the petitioner relies on his ineffectiveness of trial counsel argument to contend that he received ineffective assistance of appellate counsel because trial counsel's ineffectiveness was not raised on appeal.[2] *Id.* at 6–7, 12. The State raises a number of arguments in support of denying the petition, but we discuss only two grounds that justify the petition's denial.

## II. Discussion

### A. Rule 9(a) Delay

■ First, the State proffers several reasons why we need not address the merits of the ineffective assistance of trial counsel claim. We agree with one—that the petition-

---

1. *Veal v. Wolff ("Veal")*, 529 F.Supp. 713 (N.D.Ill.1981), *rev'd and remanded*, 693 F.2d 642 (7th Cir.1982), *op. after remand*, ("*Veal II* "), 586 F.Supp. 19 (N.D.Ill.1984), *aff'd*, 767 F.2d 926 (7th Cir.1985) (unpubl. order).

2. Veal's third claim—that prison officials have denied him meaningful access to prison law li-

braries—is not properly brought as a habeas action. Rather, such a prison conditions claim comprises a civil action under 42 U.S.C. § 1983, *see Allen v. Duckworth*, 6 F.3d 458, 460 (7th Cir.1993), *cert. denied*, 510 U.S. 1132, 114 S.Ct. 1106, 127 L.Ed.2d 417 (1994), and should be filed (subject to usual filing requirements and fees) as a civil action.

er's delay in bringing the petition has prejudiced the State's ability to respond—and thus need not resolve the other arguments.[3]

Specifically, Rule 9(a) of the Rules Governing § 2254 Cases provides:

> (a) **Delayed petitions.** A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

Under Rule 9(a), delay in filing constitutes a ground for dismissal if it is both "inexcusable" and "prejudicial" to the respondent. *See Oliver v. United States*, 961 F.2d 1339, 1342 (7th Cir.) (applying parallel Rule 9(a) applicable to § 2255 motions), *cert. denied*, 506 U.S. 976, 113 S.Ct. 469, 121 L.Ed.2d 376 (1992). Veal proffers no excuse for the delay, and indeed the grounds for his ineffective assistance of trial counsel claim advanced in this 1995 petition—trial counsel's failure to subpoena and secure alibi witnesses—occurred and was known to Veal at the time of his 1971 trial. This delay is inexcusable because the petitioner "had knowledge" of that failure, Rule 9(a), for 24 years prior to complaining about trial counsel for the first time; Veal even waited 10 years to file the instant

petition after the Seventh Circuit affirmed the denial of his first petition.

▇▇▇ In addition, "it appears" that the delay has prejudiced the State's ability to respond to the petition.[4] Rule 9(a). Veal's claim of ineffectiveness of trial counsel requires him to prove that counsel's performance was constitutionally deficient and resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 688, 690, 104 S.Ct. 2052, 2064, 2065, 80 L.Ed.2d 674 (1984). Specifically, the requisite showing of prejudice is a "reasonable probability" that the outcome would have been different. *Id.* at 693, 104 S.Ct. at 2067.[5] Veal maintains that he likely would not have been convicted because alibi witness "(A)" would have testified that "at the time of the shooting the defendant was with a group of kids on the ... Park District baseball diamond playing baseball" and alibi witness "(B)" would have testified that "when he heard the shots he immediately escorted all the kids off the baseball field into the gym area, and that the defendant was amongst the kids that he escorted off the playing field." Pet. at 6, 12.

▇▇▇ However, the petitioner does not specify the identities of these witnesses or the details of their purported testimony. Typically, analyzing ineffectiveness claims based on testimony of witnesses who were

---

**3.** These other arguments—which we do not expressly reject—include: (1) the petitioner procedurally defaulted the ineffectiveness of trial counsel claim by failing to raise the claim on direct appeal, when Veal was represented by a different attorney, *but see People v. Veal*, 58 Ill.App.3d 938, 16 Ill.Dec. 188, 374 N.E.2d 963 (1978) (listing trial counsel as appeal counsel), *cert. denied*, 441 U.S. 908, 99 S.Ct. 2001, 60 L.Ed.2d 378 (1979); Resp.'s Answer, Ex. B (petition for leave to appeal) (listing trial counsel as petition for leave to appeal counsel); *Riner v. Owens*, 764 F.2d 1253, 1257 (7th Cir.1985), *cert. denied*, 475 U.S. 1055, 106 S.Ct. 1282, 89 L.Ed.2d 589 (1986); (2) the petitioner abused the writ without cause by failing to raise ineffectiveness of trial counsel in his first habeas petition, *but cf. Grady v. Artuz*, 931 F.Supp. 1048, 1057–59 (S.D.N.Y.1996) (filing of first petition by counsel who represented petitioner in state proceedings may constitute cause for failing to raise that attorney's ineffectiveness); and (3) the petitioner abused the writ by failing to raise ineffectiveness of trial counsel in his second petition, *but see Whitlock v. Godinez*, 51

F.3d 59, 63 (7th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 150, 133 L.Ed.2d 95 (1995) (dismissal of petition for deficiency in pleading is not dismissal on the merits and subsequent petition need not necessarily constitute abuse of the writ).

**4.** We note, however, that Rule 9(a) does not provide for a presumption of prejudice merely because the petitioner delayed filing for more than five years, *Lonchar v. Thomas*, —— U.S. ——, ——, 116 S.Ct. 1293, 1300, 134 L.Ed.2d 440 (1996), contrary to the State's argument, Resp.'s Answer at 19.

**5.** In addition to a difference in outcome, the petitioner must convince us to "make an additional determination that the actual result of the proceeding was 'fundamentally unfair or unreliable.'" *Jones v. Page*, 76 F.3d 831, 841 (7th Cir.1996) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 369–70, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180 (1993)), *pet. for cert. filed*, (June 28, 1996) (No. 96–5064).

not called requires that the petitioner proffer the missing testimony through the witnesses at an evidentiary hearing. *Cross v. DeRobertis,* 811 F.2d 1008, 1016 (7th Cir.1987). But the State contends that it cannot now locate the purported alibi witnesses; Veal's trial counsel could not remember the witnesses' names or likenesses in 1983, Adam Aff. ¶ 30 (attached to Resp.'s Answer, Ex. L); Magistrate Op. at 7–8, the investigator who found the witnesses passed away in 1980, *id.* at 8, and Veal offers no reason to believe that the witnesses can be located over two decades after the shootings.

Rather than bring his ineffectiveness claim when the alleged witnesses were available, Veal's delay in asserting the claim has significantly hampered the State ability to probe the witnesses' potential testimony, an important step in responding to the petitioner's contention of prejudice. *See United States v. Olson,* 846 F.2d 1103, 1109 (7th Cir.1988) (defendant failed to show prejudice where alibi witnesses testified at evidentiary hearing but were "incredible, inconsistent, and unlikely to persuade the jury"), *cert. denied,* 488 U.S. 850, 109 S.Ct. 131, 102 L.Ed.2d 104 (1988); *cf. Drake v. Clark,* 14 F.3d 351, 357 (7th Cir.1994) (petitioner failed to show prejudice where alibi witnesses testified at postconviction hearing but could not verify petitioner's alibi). Accordingly, pursuant to Rule 9(a), we dismiss the petition because the petitioner's delay in filing has prejudiced the State's ability to respond to the ineffectiveness of trial counsel claim.[6]

6. We note that the ineffectiveness of appellate counsel claim relies upon the ineffectiveness of trial counsel claim, and thus the State concomitantly has been prejudiced in responding to the appellate counsel claim as well.

7. Although the State has not offered the trial transcript into the record in this proceeding, we considered the transcript in the proceedings for Veal's first petition.

8. We acknowledge that the proceedings for the petitioner's first habeas petition did involve an analysis of "prejudice" resulting from the exclusion of the purported alibi witnesses. *See Veal,* 693 F.2d at 650; *Veal II,* 586 F.Supp. at 20. However, the prejudice standard applied in those proceedings was much more favorable to the petitioner than the one applied in analyzing inef-

## B. Ineffective Assistance of Counsel

Even if we did not dismiss the petition for delay, we would deny the petition on its merits, albeit for reasons related to the State's inability to respond to the petitioner's assertion that the outcome of the trial would have differed had the alibi witnesses testified. To reiterate, an ineffective assistance of counsel claim requires that the petitioner show both deficient performance and resulting prejudice, although the court need not scrutinize counsel's performance if disposition of the claim on the prejudice prong is easier. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069. In order to satisfy the prejudice requirement, there must exist a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different"; the petitioner bears the burden of showing prejudice. *Id.* at 694, 696, 104 S.Ct. at 2067, 2068.

After reviewing the facts established in the state trial court,[7] the state appellate court's recitation of the facts, 58 Ill.App.3d 938, 16 Ill.Dec. 188, 192–206, 374 N.E.2d 963, 967–81 (1978), *cert. denied,* 441 U.S. 908 (1979), and Veal's arguments, we conclude that the petitioner has failed to meet his burden to show prejudice.[8] Veal's contentions as to what unnamed witnesses "(A)" and "(B)" would have testified to at trial do not constitute the "comprehensive showing" of missing testimony typically required to prove prejudice. *Cross,* 811 F.2d at 1016; *McCall v. O'Grady,* 908 F.2d 170, 173 (7th Cir.1990). Without producing or otherwise

fective assistance of counsel claims, *see Veal,* 693 F.2d at 650 (citing *Allison v. Gray,* 603 F.2d 633, 635 (7th Cir.1979) (applying "harmless error beyond a reasonable doubt" standard of prejudice in "cause" and "prejudice" analysis)); *Veal I,* 529 F.Supp. at 720 (applying same standard to analyze prejudice resulting from constitutional violation), and indeed the previously-applied standard generally no longer applies in collateral review, *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 1721–22, 123 L.Ed.2d 353 (1993). In addition, the indication in our prior affirmed opinion that prejudice occurred was dicta because we ultimately concluded that there was no "cause" for the default. *Veal II,* 586 F.Supp. at 21. Thus, we are in no way bound by the prior "prejudice" analysis involved in the earlier proceedings.

detailing the witnesses' testimony, the petitioner's claim essentially relies on "speculation about what unidentified persons might have said," *Cross v. O'Leary,* 896 F.2d 1099, 1100 (7th Cir.), *cert. denied,* 498 U.S. 842, 111 S.Ct. 122, 112 L.Ed.2d 91 (1990), and such a showing fails to carry Veal's burden to show prejudice. Accordingly, habeas relief is not justified by the petitioner's claim of ineffectiveness of trial counsel.[9]

### III. Conclusion

For the reasons discussed above, we dismiss the petition for delay under Rule 9(a). Alternatively, we would deny the petition on its merits. It is so ordered.

---

[9]. We note again that the failure to show ineffective assistance of trial counsel disposes of the petitioner's claim of ineffectiveness of appellate counsel; appellate counsel's failure to raise ineffectiveness of trial counsel would not be prejudicial if the latter claim has no merit.